1  DOUGLAS GILLIES
2  3756 Torino Drive
   Santa Barbara, CA 93105
3  (805) 682-7033
4  douglasgillies@gmail.com

5  in pro per
6
7
8
9
10

*original*

*fee Paid*

FILED

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

2012 DEC -5  PM 11:30

BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS GILLIES, | No. **CV12-10394** −GW (MANx) |
| Plaintiff, | **COMPLAINT** |
| v. | 1) Wrongful Foreclosure |
| JP MORGAN CHASE BANK N.A., | 2) Quiet Title |
| and DOES 1-10, inclusive, | 3) Declaratory and Injunctive Relief |
| Defendants. | |
| | Jury Trial Demanded |

Complaint – *Gillies v. Chase*                - 1 -



1

# INDEX

2 | PARTIES AND JURISDICTION | 3
3 | CLAIM FOR RELIEF | 4
4 | BACKGROUND FACTS | 4
5 | FIRST CAUSE OF ACTION – WRONGFUL FORECLOSURE | 6
6 | SECOND CAUSE OF ACTION - QUIET TITLE | 8
7 | THIRD CAUSE OF ACTION - DECLARATORY & INJUNCTIVE RELIEF | 9
8 | JURY TRIAL DEMAND | 11
9 | PRAYER | 11
10 | VERIFICATION | 12

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          **PARTIES AND JURISDICTION**

2          1. Plaintiff DOUGLAS GILLIES is the owner of a single-family residence

3    located at 3756 Torino Drive, Santa Barbara, California, APN 049-111-04-00 ("the

4    Property"). He acquired the Property pursuant to a Grant Deed recorded on April

5    30, 1992. The legal description of the Property is:

6          Lot 70 of Hidden Valley, in the City of Santa Barbara, County of

7          Santa Barbara, State of California, as per map recorded in Book 52,

8          Pages 26 to 32, inclusive of maps, in the office of the County

9          Recorder of said County.

10         2. Defendant JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,

11   ("Chase"), a New York-based national banking association doing business in

12   California, claims to be a lender, note holder, beneficiary, or servicer of a Note

13   secured by the Property. Chase has demonstrated repeatedly that it cannot identify

14   or locate the lender, note holder, or beneficiary.

15         3. Defendants Does 1-10, inclusive, are sued under fictitious names. When

16   their true names and capacities are known, Plaintiff will amend this Complaint and

17   insert their names and capacities. Plaintiff is informed and believes and thereon

18   alleges that each of these fictitiously named defendants is legally responsible,

19   negligently or in some other actionable manner, for the events and happenings

20   hereinafter referred to and proximately caused the injuries and damages to plaintiff

21   as hereinafter alleged, or claims some right, title, estate, lien, or interest in the

22   Property adverse to Plaintiff's title. Their claims constitute a cloud on Plaintiff's

23   title to the Property, or they participated in unlawful or fraudulent acts that resulted

24   in injury to Plaintiff's person or property. Does 1-5 claim to be successors in

25   interest to the Subject Mortgage by virtue of Plaintiff's loan having been made a

26   part of a securitization process wherein certain residential mortgages and

27   promissory notes were securitized by aggregating a large number of promissory

28   notes into a mortgage loan pool, then selling security interests in that pool of

Complaint – *Gillies v. Chase*          - 3 -

1   mortgages to investors by way of "secondary vehicles".

2       4.  There is diversity of citizenship between Plaintiff and Defendant Chase,

3   and the matter in controversy, exclusive of interest and costs, exceeds the sum of

4   $75,000. This court has jurisdiction of the action pursuant to 28 U.S.C. 1332(a).

5   Declaratory relief is authorized under 28 U.S.C. 2210.

6

7                  **CLAIM FOR RELIEF**

8       5. Plaintiff brings this action against Chase and Does 1 through 10 for

9   attempting to sell the Property at a trustee's sale and deprive Plaintiff of his

10  property without a lawful claim. Plaintiff seeks to clear his title and recover

11  damages.

12

13                **BACKGROUND FACTS**

14      6. Plaintiff is the owner of the Property under the terms of a Grant Deed

15  executed in favor of Douglas Gillies and Linda Gillies dated April 30, 1992. The

16  Grant Deed is attached as **Exhibit 1**. Linda Gillies conveyed her interest in the

17  Property to Plaintiff by Interspousal Transfer Deed on July 16, 1997.

18      7. Plaintiff is named on a Fixed/Adjustable Rate Note dated August 12, 2003

19  ("Note"). Washington Mutual Bank, FA is identified on the Note as "Lender."

20  Washington Mutual Bank, FA was dissolved in 2005. No recorded document

21  indicates that the interest of Washington Mutual Bank, FA in the Property was ever

22  transferred before or after the entity ceased to exist.

23      8. CHASE claims to be a note holder, lender, beneficiary, or servicer of the

24  Note, but Chase has not recorded any claim of ownership of the mortgage.

25      9. On August 13, 2009, California Reconveyance Company ("CRC"), a

26  wholly owned subsidiary of Chase, recorded a Notice of Default and Election to

27  Sell ("NOD") alleging a breach of obligation secured by a Deed of Trust for the

28  Property "executed by DOUGLES GILLIES, AN UNMARRIED MAN, as

1 | trustor". A copy of the NOD is attached as **Exhibit 2.**

2 |     10. A search of the Santa Barbara County Grantor/Grantee Index under

3 | Plaintiff's name, Douglas Gillies, did not turn up any reference to the NOD.

4 |     11. On November 18, 2009, on June 30, 2011, and again on November 8,

5 | 2012, CRC recorded a Notice of Trustee's Sale ("NOTS") that includes a legal

6 | description of part of the Property described in the Grant Deed. The NOTS

7 | describes CRC as "the duly appointed Trustee under and pursuant to Deed of Trust

8 | Recorded 08-27-2003, Book  , Page  , Instrument 2003-0116698 of official records

9 | in the office of the recorder of SANTA BARBARA County, California, executed

10 | by: DOUGLES GILLIES, AN UNMARRIED MAN, as Trustor, WASHINGTON

11 | MUTUAL BANK, FA, as Beneficiary." A copy of the 2009 NOTS is attached as

12 | **Exhibit 3**, a copy of the 2011 NOTS is attached as **Exhibit 4**, and a copy of the

13 | 2012 NOTS is attached as **Exhibit 5**.

14 |     12. CRC's statement in each NOTS that a Deed of Trust was executed by

15 | Dougles Gillies is false. CRC and Chase intentionally stated a fictitious name in

16 | the notices of trustee's sale.

17 |     13. A Google search of the phrase "Dougles Gillies" reveals that Dougles

18 | Gillies is a fictitious name. No human being, business entity, or trademark listed in

19 | google.com bears the name Dougles Gillies. By comparison, any number of people

20 | are named "Douglas Gillies" and only one of them, Plaintiff, is named as Grantee

21 | on the Grant Deed to the Property.

22 |     14. No Deed of Trust dated 08-27-2003 is recorded under "Douglas Gillies"

23 | in the Santa Barbara Grantor/Grantee Index. No Deed of Trust recorded under

24 | "Douglas Gillies" identifies CRC as a Trustee of the Property or Washington

25 | Mutual Bank, FA as a Beneficiary. No Notice of Default and no Notice of

26 | Trustee's Sale are recorded in the Santa Barbara Grantor/Grantee Index under

27 | "Douglas Gillies."

28 |     15. The NOTS marked Exhibit 5 states that CRC, as Trustee, will sell the

1 │ Property at public auction sale on 12-12-2012 at 9:00 AM at the Carrillo
2 │ Recreation Center, 100 E. Carrillo St., Santa Barbara, CA 93101.
3 │
4 │ **FIRST CAUSE OF ACTION – WRONGFUL FORECLOSURE**
5 │      16. Plaintiff re-alleges and incorporates by reference the allegations
6 │ contained in paragraphs 1 through 15.
7 │      17. Neither WaMu, CRC, nor Chase has recorded a transfer of beneficial
8 │ interest in Plaintiff's Note to Chase.
9 │      18. Chase does not have standing to enforce the Note because Chase is not
10 │ the owner of the Note, Chase is not a holder of the Note, and Chase is not a
11 │ beneficiary under the Note. Chase does not claim to be a holder of the Note or a
12 │ beneficiary. Chase is merely named as a contact on the Notice of Default. If Chase
13 │ can prove that it is a servicer, Chase cannot foreclose on Plaintiff's property
14 │ without authorization from the Lender under Paragraph 22 of the Deed of Trust.
15 │      19. Chase cannot produce an original Note because Chase does not own the
16 │ loan and cannot identify the owner of the loan. Plaintiff's loan was not identified as
17 │ an asset in the Purchase and Assumption Agreement under which Chase purchased
18 │ certain assets of WaMu in September 2008.
19 │      20. On or about March 9, 2010, Plaintiff informed CRC that the NOD it
20 │ recorded August 13, 2009, did not correctly state the name of the trustor, that it
21 │ incorrectly stated the name of the trustor to be Dougles Gillies, a fictitious person,
22 │ that a search of the Santa Barbara Official Records for Douglas Gillies did not turn
23 │ up any NOD recorded by CRC, and that the NOD did not comply with Cal. Civil
24 │ Code §2924 because a notice of default must be recorded prior to a nonjudicial sale
25 │ stating the name of the trustor.
26 │      21. Knowing that the name on the NOD, Dougles Gillies, is fictitious, CRC
27 │ recorded a NOTS on June 30, 2011, stating the name Dougles Gillies, announcing
28 │ its intention to conduct a Trustee's Sale on July 25, 2011, and published the NOTS

Complaint – *Gillies v. Chase*              - 6 -

1  in a newspaper falsely representing that CRC is the duly appointed Trustee
2  pursuant to Deed of Trust Recorded 08-27-2003 executed by "DOUGLES
3  GILLIES AN UNMARRIED MAN, as Trustor".

4      22. On July 6, 2011, Plaintiff searched his name, Douglas Gillies, in the
5  Grantor/Grantee Index of the Santa Barbara County Recorders' Office for the
6  period between April 30, 1992, when Plaintiff acquired the Property, and July 5,
7  2011. There was no reference under Plaintiff's name in the Grantor/Grantee Index
8  of the Santa Barbara County Recorders' Office to the "Deed of Trust Recorded 08-
9  27-2003" which CRC describes in the NOTS. There was also no reference in the
10  Grantor/Grantee Index to the NOTS that CRC recorded on June 30, 2011 and the
11  NOTS that CRC recorded November 8, 2012. The only index maintained by the
12  Santa Barbara Recorder for the purpose of searching title to real property is the
13  Grantor/Grantee Index, and if the name of a property owner is not spelled correctly
14  in a recorded document, that document will not turn up in a title search.

15      23. A spelling discrepancy is a clerical error. CRC's remedy is found in the
16  Adjustable Rate Note (**Exhibit 6**). The Adjustable Rate Note states in Paragraph 12
17  that in the event of a clerical error, "I agree, upon notice from the Note Holder, to
18  reexecute any Loan Documents that are necessary to correct any such Errors…"
19  The Note Holder can request that the Trustor amend the Deed of Trust to correct a
20  clerical error. Rather than follow the simple procedure in the contract to correct an
21  error, CRC elected to repeatedly present a false document to the County Recorder
22  with the intention that it be recorded and indexed under a fictitious name.

23      24. Chase has invested thousands of dollars pursuing a strategy of
24  completing a defective foreclosure based on intentionally stating a fictitious name
25  as the Trustor in a recorded Notice of Default and three recorded Notices of
26  Trustees Sale, when it simply needed to request that the Lender contact Plaintiff
27  and ask him to sign a correctly spelled document. One call, compared to hundreds
28  of hours of attorneys' fees filing demurrers, motions to strike, and appellate briefs.

1  Chase cannot identify the Lender, so Chase and its in-house "trustee" CRC cannot
2  initiate foreclosure according to the Note and Deed of Trust.

3      25.  According to Plaintiff's Deed of Trust, the "Lender" is WASHINGTON
4  MUTUAL BANK, FA— a defunct organization. Consistent with the language of
5  the Note, only the Lender is authorized under paragraph 22 of the DOT to
6  accelerate the loan:

7          "Lender shall give notice to Borrower prior to acceleration
8          following Borrower's breach of any covenant of agreement in this
9          Security Instrument...
10         "If Lender invokes the power of sale, Lender shall execute or
11         cause Trustee to execute a written notice of the occurrence of an event
12         of default and of Lender's election to cause the Property to be sold.
13         Trustee shall cause this notice to be recorded in each county in which
14         any part of the Property is located." (DOT page 13, paragraph 22).

15         Chase seeks to proceed with foreclosure of Plaintiff's Property even though
16  it cannot identify the Lender.

17     26. CRC was not authorized to initiate foreclosure against Plaintiff when it
18  recorded the Notice of Default, and it was not acting for the Lender when it filed
19  the Notice of Trustee's Sale. Therefore, the pending foreclosure pursuant to
20  Trustee's Sale is illegal.

21

22              **SECOND CAUSE OF ACTION - QUIET TITLE**

23     27.  Plaintiff re-alleges and incorporates by reference the allegations
24  contained in paragraphs 1 through 26.

25     28.  Plaintiff seeks to quiet title against the claims of defendants and all
26  persons claiming any legal or equitable right, title, estate, lien, or adverse interest
27  in the Property as of the date the Complaint was filed.

28     29.  Plaintiff is the titleholder of the Property according to the terms of the

1   Grant Deed (Exhibit 1). Plaintiff is informed and believes that the lawful
2   beneficiary has been paid in full.

3        The DOT states in paragraph 23:

4        23. Reconveyance. Upon payment of all sums secured by this Security
5            Instrument, lender shall request Trustee to reconvey the Property and
6            shall surrender this Security Instrument and all notes evidencing debt
7            secured by this Security Instrument to trustee. Trustee shall reconvey the
8            Property without warranty to the person or persons legally entitled to it.

9        30. The DOT does not state that Plaintiff must pay all sums. It states that all
10  secured sums must be paid. The obligations owed to WaMu under the DOT were
11  fulfilled and the loan was fully paid before Chase assumed Washington Mutual
12  assets from the FDIC on 9/25/08.

13       31. Defendants' claims are adverse to Plaintiff because defendants are not
14  Lenders or holders of the Note and none of the defendants can prove any interest in
15  the Note or show that the Note is secured by the DOT. Defendants have no right,
16  title, lien, or interest in the Property.

17       32. Plaintiff therefore seeks a judicial declaration that the title to the
18  Property is vested solely in Plaintiff and that defendants have no right, title, estate,
19  lien, or interest in the Property and that defendants and each of them are forever
20  enjoined from asserting any right, title, lien or interest in the Property adverse to
21  Plaintiff.

22

23  **THIRD CAUSE OF ACTION - DECLARATORY & INJUNCTIVE RELIEF**

24       33. Plaintiff re-alleges and incorporates by reference the allegations
25  contained in paragraphs 1 through 32.

26       34. An actual controversy has arisen and now exists between Plaintiff and
27  Defendant Chase concerning their respective rights and duties. Plaintiff contends
28  that:

1     (a) Chase is not the Lender, the present holder in due course, or beneficiary
2   of any Promissory Note executed by Plaintiff and is not authorized by the Lender
3   to foreclose. However, Defendant contends that Chase is the present owner and
4   beneficiary of a Promissory Note executed by Plaintiff or is authorized by the
5   Lender to foreclose; and,

6     (b) Defendant is not a real party in interest, does not have standing, and is
7   not entitled to accelerate the maturity of any secured obligation and sell the
8   Property because Chase is not a Lender, beneficiary or authorized agent of a
9   Lender or Beneficiary under the purported Note. However, Defendant asserts that
10  it is entitled to sell the Property.

11    35. Plaintiff desires a judicial determination of his rights and duties as to the
12  validity of the Note and DOT, and Defendant's rights to proceed with nonjudicial
13  foreclosure on the Property. Unless restrained, Defendant will sell Plaintiff's
14  property, or cause it to be sold, to Plaintiff's great and irreparable injury, for which
15  pecuniary compensation would not afford adequate relief.

16    36. Defendant's wrongful conduct, unless and until restrained by order of
17  this court, will cause great irreparable injury to Plaintiff as the value of the
18  property declines under threat of foreclosure and Plaintiff faces the prospect of
19  eviction.

20    37. If the foreclosure sale is allowed to proceed, the burden on Plaintiff
21  significantly outweighs the benefit to Defendant. By contrast, if the foreclosure
22  sale is enjoined, the burden to Defendant is minimal and is not outweighed by the
23  benefit to Plaintiff.

24    38. Plaintiff has no adequate remedy at law for the injuries currently being
25  suffered and that are threatened. It will be impossible for Plaintiff to determine the
26  precise amount of damage that he will suffer if Defendant's conduct is not
27  restrained and Plaintiff must file a multiplicity of suits to obtain compensation for
28  his injuries.

Complaint – *Gillies v. Chase*    - 10 -

**JURY TRIAL DEMAND**

39. Plaintiff demands a jury trial on all issues.

**PRAYER**

WHEREFORE, Plaintiff requests judgment as follows:

1. That this court issue a Temporary Restraining Order and Preliminary Injunction restraining defendants, and each of them, during the pendency of this action, from continuing with efforts to conduct a Trustee's Sale of the Property.

2. That the attempted foreclosure of the Property be declared illegal and that defendants be enjoined and restrained from selling the Property or attempting to sell it or causing it to be sold, either under power of sale pursuant to trust deed or by foreclosure action, and from posting, publishing, or recording any notice of default or notice of trustee's sale contrary to state or federal law.

3. Actual damages for depreciation to the Property in excess of $100,000.00.

4. For a judgment determining that Plaintiff is the owner in fee simple of the Property against the adverse claims of defendants and that defendants have no interest in the subject property adverse to Plaintiff.

7. For costs of suit and reasonable attorney fees.

8. For any and all other and further relief that may be just in this matter.

Date: December 4, 2012

Douglas Gillies, Plaintiff

Complaint – *Gillies v. Chase*          - 11 -

1
2                              **VERIFICATION**
3   Douglas Gillies declares:
4       I am the plaintiff in the above-entitled action. I have read the foregoing
5   Complaint and know its contents. The same is true of my own knowledge, except
6   as to those matters that are alleged on information and belief, and as to those
7   matters, I believe them to be true. I declare under penalty of perjury that the
8   foregoing is true and correct, and that this declaration was executed in Santa
9   Barbara, California, on December 4, 2012
10
11  _____
12                  DOUGLAS GILLIES
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Plaintiff's Exhibits

| Exhibit | Description | Recorded |
|---------|-------------|----------|
| 1 | Grant Deed | 4/30/1992 |
| 2 | Notice of Default | 8/13/2009 |
| 3 | Notice of Trustee's Sale | 11/18/2009 |
| 4 | Notice of Trustee's Sale | 6/30/2011 |
| 5 | Notice of Trustee's Sale dated November 8, 2012 | |
| 6 | Promissory Note dated August 12, 2003 | |

# EXHIBIT 1

RECORDING REQUESTED BY

EQUITY TITLE COMPANY

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS OTHERWISE SHOWN BELOW,
MAIL TAX STATEMENTS TO:

NAME **DOUGLAS GILLIES**
ADDRESS **LINDA GILLIES**
CITY & **3756 TORINO DRIVE**
STATE
ZIP **SANTA BARBARA, CA   93105**

Title Order No. 92-32968-6   Escrow No. 32968-LN

| 92-032131 | : | Rec Fee | 5.00 |
| | : | DOC | 348.70 |
| Recorded | : | Total | 353.70 |
| Official Records | : | | |
| County of | : | | |
| Santa Barbara | : | | |
| Kenneth A Pettit | : | | |
| Recorder | : | | |
| 8:00am 30-Apr-92 | : | ETCO | BC   1 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

APN NO. 049-111-04

**MONUMENT SURVEY EXEMPT**

The undersigned declares that the documentary transfer tax is $ 348.70 _____ city tax $ _____ and is
XXX computed on the full value of the interest or property conveyed, or is
☐ computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale. The land, tenements or realty is located in
☐ unincorporated area XXX city of **SANTA BARBARA** _____

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**JOAN R. LANDECKER, AN UNMARRIED WOMAN**

hereby GRANT(S) to **DOUGLAS GILLIES AND LINDA GILLIES, HUSBAND AND WIFE, AS COMMUNITY PROPERTY**

the following described real property in the **CITY OF SANTA BARBARA**
county of **SANTA BARBARA** , state of California:

LOT 70 OF HIDDEN VALLEY, IN THE CITY OF SANTA BARBARA, COUNTY OF SANTA BARBARA,
STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 52, PAGES 26 TO 32, INCLUSIVE,
OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Dated **MARCH 27, 1992** _____

_Joan R Landecker_
JOAN R. LANDECKER

STATE OF CALIFORNIA
COUNTY OF **Placer**

On this the **7** day of **Apr** 19 **92** , before me,
**Beverly L Rosellini**, the undersigned Notary Public,
personally appeared **Joan R. Landecker**

☐ personally known to me
☒ proved to me on the basis of satisfactory evidence
to be the person(s) whose name(s) **is** subscribed to the within
instrument and acknowledged to me that **she** executed the same
in **her** authorized capacity(ies) and that by **her** signature(s)
on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal.

_Beverly L Rosellini_
Notary's Signature

FOR NOTARY SEAL OR STAMP

OFFICIAL SEAL
BEVERLY L ROSELLINI
NOTARY PUBLIC - CALIFORNIA
PLACER COUNTY
My Comm. Expires Feb. 10, 1995

MAIL TAX STATEMENTS TO PARTY SHOWN ON FOLLOWING LINE: IF NO PARTY SO SHOWN, MAIL AS DIRECTED ABOVE

_____
Name

ET-137   (Rev. 6-91)

Plaintiff's Exhibit 1   Page 1 of 1

# EXHIBIT 2

requested by title court

2009-0049697

RECORDING REQUESTED BY
CALIFORNIA RECONVEYANCE COMPANY

AND WHEN RECORDED MAIL TO

CALIFORNIA RECONVEYANCE COMPANY
9200 Oakdale Avenue
Mail Stop: CA2-4379
Chatsworth, CA 91311
800 892-6902
(818)775-2258 (Fax)

| Recorded | REC FEE | 14.00 |
Official Records |
County of |
Santa Barbara |
Joseph E. Holland |
|
| LC
08:00AM 13-Aug-2009 | Page 1 of 2

Space above this line for recorder's use only

Trustee Sale No. 237917CA   Loan No. 0081173676   Title Order No. 184926

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION**, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $10,367.71 as of August 12, 2009 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.

Trustee Sale No. 237917CA   Loan No. 0081173676   Title Order No. 184926

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: JPMorgan Chase Bank, National Association, at 7301 BAYMEADOWS WAY , JACKSONVILLE, FL 32256, (877) 926-8937.

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

**REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.** NOTICE IS HEREBY GIVEN THAT: CALIFORNIA RECONVEYANCE COMPANY is the duly appointed Trustee under a Deed of Trust dated 08/12/2003, executed by DOUGLES GILLIES, AN UNMARRIED MAN, as trustor, to secure obligations in favor of WASHINGTON MUTUAL BANK, FA, as Beneficiary Recorded 08/27/2003, Book , Page , Instrument 2003-0116698 of official records in the Office of the Recorder of SANTA BARBARA County, California, as more fully described on said Deed of Trust. APN: 049-111-04-00 Situs: 3756 TORINO DRIVE, , SANTA BARBARA, CA 93105 Including the note(s) for the sum of $500,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: THE 05/01/2009 INSTALLMENT OF PRINCIPAL AND INTEREST AND ALL SUBSEQUENT MONTHLY INSTALLMENTS OF PRINCIPAL AND INTEREST; PLUS ANY ADDITIONAL ACCRUED AND UNPAID AMOUNTS INCLUDING, BUT NOT LIMITED TO, LATE CHARGES, ADVANCES, IMPOUNDS, TAXES, HAZARD INSURANCE, ADMINISTRATIVE FEES, INSUFFICIENT AND PARTIAL RETURN CHECK FEES, STATEMENT FEES, AND OBLIGATIONS SECURED BY PRIOR ENCUMBRANCES.

That by reason thereof, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

The beneficiary or its designated agent declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code 2923.5, or the borrower has surrendered the property to the beneficiary or authorized agent, or is otherwise exempt from the requirements of §2923.5.

DATE:  August 12, 2009

CALIFORNIA RECONVEYANCE COMPANY, as Trustee

STACY WHITE, Assistant Secretary

CALIFORNIA RECONVEYANCE COMPANY IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# EXHIBIT 3

Recording Requested By
**ServiceLink**

RECORDING REQUESTED BY
CALIFORNIA RECONVEYANCE COMPANY

AND WHEN RECORDED MAIL TO

CALIFORNIA RECONVEYANCE COMPANY
9200 Oakdale Avenue
Mail Stop: CA2-4379
Chatsworth, CA 91311
800-892-6902

**2009-0069334**

| Recorded | REC FEE | 15.00 |
Official Records
County of
Santa Barbara
Joseph E. Holland

08:01AM 18-Nov-2009 | KAM Page 1 of 3

Trustee Sale No.   237917CA
Loan No.           0081173676
Title Order No.    184926

3

Space above this line for recorder's use only

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 08/12/2003. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On 12/07/2009 at 01:00 PM, CALIFORNIA RECONVEYANCE COMPANY as the duly appointed Trustee under and pursuant to Deed of Trust Recorded 08/27/2003, Book , Page , Instrument 2003-0116698,       of official records in the Office of the Recorder of SANTA BARBARA County, California, executed by: DOUGLES GILLIES, AN UNMARRIED MAN, as Trustor, WASHINGTON MUTUAL BANK, FA, as Beneficiary, will sell at public auction sale to the highest bidder for cash, cashier's check drawn by a state or national bank, a cashier's check drawn by a state or federal credit union, or a cashier's check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state. Sale will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to the Deed of Trust. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, interest thereon, estimated fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Place of Sale: AT THE MAIN ENTRANCE TO THE COUNTY COURTHOUSE, 1100 ANACAPA STREET , SANTA BARBARA, CA

Legal Description: LOT 70 OF HIDDEN VALLEY, IN THE CITY OF SANTA BARBARA, COUNTY OF SANTA BARBARA, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 52 PAGES 26 TO 32, INCLUSIVE OF, MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
EXCEPTING THEREFROM ALL MINERALS, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET BELOW THE SURFACE OF SAID LAND, BUT WITHOUT THE RIGHT OF ENTRY ONTO THE SURFACE OR THAT PORTION OF SUBSURFACE OF SAID LAND LYING ABOVE A DEPTH OF 500 FEET BELOW THE SURFACE THEREOF.

Amount of unpaid balance and other charges: $509,202.61 (estimated)

Street address and other common designation of the real property:   3756 TORINO DRIVE
SANTA BARBARA, CA 93105
APN Number:   049-111-04-00

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. The property heretofore described is being sold "as is".

In compliance with California Civil Code 2923.5(c) the mortgagee, trustee, beneficiary, or authorized agent declares: that it has contacted the borrower(s) to assess their financial situation and to explore options to avoid foreclosure; or that it has made efforts to contact the borrower(s) to assess their financial situation and to explore options to avoid foreclosure by one of the following methods: by telephone; by United States mail; either 1st class or certified; by overnight delivery; by personal delivery; by e-mail; by face to face meeting.

DATE: 11-16-2009                                   **SEE ATTACHED EXHIBIT**

CALIFORNIA RECONVEYANCE COMPANY, as Trustee
(714) 259-7850 or www.fidelityasap.com
(714) 573-1965 or www.priorityposting.com

DEBORAH BRIGNAC, VICE PRESIDENT
9200 OAKDALE AVE
MAILSTOP N110612
CHATSWORTH, CA 91311

CALIFORNIA RECONVEYANCE COMPANY IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Exhibit

## DECLARATION PURSUANT TO CALIFORNIA CIVIL CODE SECTION 2923.54

Pursuant to California Civil Code Section 2923.54, the undersigned loan servicer declares as follows:

1. It has obtained from the commissioner a final or temporary order of exemption pursuant to Section 2923.54 that is current and valid on the date the notice of sale is filed; and

2. The timeframe for giving notice of sale specified in subdivision (a) of Section 2923.52 does not apply pursuant to Section 2923.52 or Section 2923.55.

JPMorgan Chase Bank,
National Association

Name:  Ann Thom
Title:    First Vice President

# EXHIBIT 4

Recording Requested By
ServiceLink

Requested By
Title Court Service

RECORDING REQUESTED BY
CALIFORNIA RECONVEYANCE COMPANY

AND WHEN RECORDED MAIL TO

CALIFORNIA RECONVEYANCE COMPANY
9200 Oakdale Avenue
Mail Stop: CA2-4379
Chatsworth, CA 91311
800-892-6902

| | |
|---|---|
| **Trustee Sale No.** | **237917CA** |
| Loan No. | 0081173676 |
| Title Order No. | 184926 |

**2011-0037798**

| Recorded | REC FEE | 21.00 |
|---|---|---|
| Official Records | | |
| County of | | |
| Santa Barbara | | |
| Joseph E. Holland | | |
| County Clerk Recorder | | |
| | ML | |
| 08:00AM 30-Jun-2011 | Page 1 of 2 | |

Space above this line for recorder's use only

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 08-12-2003. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On 07-25-2011 at 01:00 PM, CALIFORNIA RECONVEYANCE COMPANY as the duly appointed Trustee under and pursuant to Deed of Trust Recorded 08-27-2003, Book , Page , Instrument 2003-0116698, of official records in the Office of the Recorder of SANTA BARBARA County, California, executed by: DOUGLES GILLIES, AN UNMARRIED MAN, as Trustor, WASHINGTON MUTUAL BANK, FA, as Beneficiary, will sell at public auction sale to the highest bidder for cash, cashier's check drawn by a state or national bank, a cashier's check drawn by a state or federal credit union, or a cashier's check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state. Sale will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to the Deed of Trust. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, interest thereon, estimated fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Place of Sale: AT THE MAIN ENTRANCE TO THE COUNTY COURTHOUSE, 1100 ANACAPA STREET , SANTA BARBARA, CA

Legal Description: LOT 70 OF HIDDEN VALLEY, IN THE CITY OF SANTA BARBARA, COUNTY OF SANTA BARBARA, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 52 PAGES 26 TO 32, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. EXCEPTING THEREFROM ALL MINERALS, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET BELOW THE SURFACE OF SAID LAND, BUT WITHOUT THE RIGHT OF ENTRY ONTO THE SURFACE OR THAT PORTION OF SUBSURFACE OF SAID LAND LYING ABOVE A DEPTH OF 500 FEET BELOW THE SURFACE THEREOF.

Amount of unpaid balance and other charges: $546,411.40 (estimated)

Street address and other common designation of the real property: 3756 TORINO DRIVE
SANTA BARBARA, CA 93105
APN Number: 049-111-04-00

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. The property heretofore described is being sold "as is".

**Plaintiff's Exhibit 4    Page 1 of 2**

In compliance with California Civil Code 2923.5(c) the mortgagee, trustee, beneficiary, or authorized agent declares: that it has contacted the borrower(s) to assess their financial situation and to explore options to avoid foreclosure; or that it has made efforts to contact the borrower(s) to assess their financial situation and to explore options to avoid foreclosure by one of the following methods: by telephone;  by United States mail; either 1ˢᵗ class or certified; by overnight delivery; by personal delivery; by e-mail; by face to face meeting.

DATE: 06-28-2011

CALIFORNIA RECONVEYANCE COMPANY, as Trustee

CASEY KEALOHA, ASSISTANT SECRETARY

California Reconveyance Company
9200 Oakdale Avenue
Mail Stop: CA2-4379
Chatsworth, CA  91311
800-892-6902

CALIFORNIA RECONVEYANCE COMPANY IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT

For Sales Information:
(714) 730-2727 or www.lpsasap.com
(714) 573-1965 or www.priorityposting.com

# EXHIBIT 5

RECORDING REQUESTED BY
CALIFORNIA RECONVEYANCE COMPANY

AND WHEN RECORDED MAIL TO

CALIFORNIA RECONVEYANCE COMPANY
9200 Oakdale Avenue – CA2-4379
Chatsworth, CA  91311
800-892-6902

| **Trustee Sale No.** | **237917CA** |
|---|---|
| Loan No. | 0081173676 |
| Title Order No. | 184926 |

---

# NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 08-12-2003.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On  12-12-2012 at 9:00 AM, CALIFORNIA RECONVEYANCE COMPANY as the duly appointed Trustee under and pursuant to Deed of Trust Recorded 08-27-2003, Book , Page , Instrument 2003-0116698 of official records in the Office of the Recorder of SANTA BARBARA County, California, executed by:  DOUGLES GILLIES, AN UNMARRIED MAN, as Trustor, WASHINGTON MUTUAL BANK, FA, as Beneficiary, will sell at public auction sale to the highest bidder for cash, cashier's check drawn by a state or national bank, a cashier's check drawn by a state or federal credit union, or a cashier's check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state.  Sale will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to the Deed of Trust.   The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, interest thereon, estimated fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below.  The amount may be greater on the day of sale.
Place of Sale: Carrillo Recreation Center, 100 E. Carrillo St., Santa Barbara, CA 93101
Legal Description:  LOT 70 OF HIDDEN VALLEY, IN THE CITY OF SANTA BARBARA, COUNTY OF SANTA BARBARA, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 52 PAGES 26 TO 32, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.  EXCEPTING  THEREFROM  ALL  MINERALS,  OIL,  GAS  AND  OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET BELOW THE SURFACE OF SAID LAND, BUT WITHOUT THE RIGHT OF ENTRY ONTO THE SURFACE OR THAT PORTION OF SUBSURFACE OF SAID LAND LYING ABOVE A DEPTH OF 500 FEET BELOW THE SURFACE THEREOF.
Amount of unpaid balance and other charges: $569,667.20 (estimated)
Street address and other common designation of the real property:    3756 TORINO DRIVE
SANTA BARBARA, CA 93105
APN Number:   049-111-04-00

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. The property heretofore described is being sold "as is".

In compliance with California Civil Code 2923.5(c) the mortgagee, trustee, beneficiary, or authorized agent declares: that it has contacted the borrower(s) to assess their financial situation and to explore options to avoid foreclosure; or that it has made efforts to contact the borrower(s) to assess their financial situation and to explore options to avoid foreclosure by one of the following methods: by telephone;  by United States mail; either 1st class or certified; by overnight delivery; by personal delivery; by e-mail; by face to face meeting.



DATE: 11-08-2012
CALIFORNIA RECONVEYANCE COMPANY, a

**Original document is signed**

CALIFORNIA RECONVEYANCE COMPANYIS A
DEBT COLLECTOR ATTEMPTING TO COLLECT
A DEBT. ANY INFORMATIONOBTAINED WILL
BE USED FOR THAT PURPOSE.

For Sales Information:
www.lpsasap.com or 1-714-730-2727
www.priorityposting.com or 1-714-573-1965
www.auction.com or 1-800-280-2832

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, this information can be obtained from one of the following three companies:
LPS Agency Sales & Posting at (714) 730-2727, or visit the Internet Web site www.lpsasap.com (Registration required to search for sale information) or Priority Posting & Publishing at (714) 573-1965 or visit the Internet Web site www.priorityposting.com (Click on the link for "Advanced Search" to search for sale information), or auction.com at 1-800-280-2832 or visit the Internet Web site www.auction.com, using the Trustee Sale No. shown above. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

# EXHIBIT 6

**FIXED/ADJUSTABLE RATE NOTE**
**(1 Year Treasury Index - Rate Caps)**

Loan Number: 0081173676

**THIS NOTE PROVIDES FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

AUGUST 12, 2003          Moorestown                NEW JERSEY
                            (City)                      (State)

3756 TORINO DRIVE, Santa Barbara, California 93105
                        (Property Address)

**1.  BORROWER'S PROMISE TO PAY**
    In return for a loan that I have received, I promise to pay U.S. $ 500,000.00     (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Washington Mutual Bank, FA          . I will make all payments under this Note in the form of cash, check or money order. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.  INTEREST**
    Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   4.750 %. The interest rate I will pay may change in accordance with Section 4 of this Note.
    The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3.  PAYMENTS**
    **(A) Time and Place of Payments**
    I will pay Principal and interest by making payments every month.
    I will make my monthly payments on the first day of each month beginning on   OCTOBER, 2003         . I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on SEPTEMBER 1, 2033 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date".
    I will make my monthly payments at 9451 Corbin Avenue, Northridge, California 91324     or at a different place if required by the Note Holder.
    **(B) Amount of My Initial Monthly Payments**
    Each of my initial monthly payments will be in the amount of U.S. $ 2,850.59. This amount may change.
    **(C) Monthly Payment Changes**
    Changes in my monthly payment will reflect changes in the unpaid Principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4.  INTEREST RATE AND MONTHLY PAYMENT CHANGES**
    **(A) Change Dates**
    The interest rate I will pay may change on the first day of SEPTEMBER, 2008          , and on that day every 12th month thereafter. Each date on which my adjustable interest rate could change, is called a "Change Date."

4810 (03-01)                    •              **Page 1 of 5**              DocMagic CFORMS 800-649-1362
                                                                               www.docmagic.com

0081173676

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the weekly average yield on United States Treasury securities adjusted to a constant maturity of 1 year, as made available by the Federal Reserve Board. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO AND 750/1000 _____ percentage points ( 2.750 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid Principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 9.750 % or less than 2.750 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than two percentage points (2.0%) from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 9.750 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notices of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include the amount of my monthly payment, any information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**(G) Failure to Make Adjustments**

If for any reason Note Holder fails to make an adjustment to the interest rate or payment amount as described in this Note, regardless of any notice requirement, I agree that Note Holder may, upon discovery of such failure, then make the adjustment as if they had been made on time. I also agree not to hold Note Holder responsible for any damages to me which may result from Note Holder's failure to make the adjustment and to let the Note Holder, at its option, apply any excess monies which I may have paid to partial prepayment of unpaid Principal.

**5.   BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use all of my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of

0081173676

my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6.   LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then; (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me.  The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me.  If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**Miscellaneous Fees:** I understand that the Note Holder will also charge a return item charge in the event a payment that I make in connection with repayment of this loan is not honored by the financial institution on which it is drawn.  The current fee is $ 15.00   .  Lender reserves the right to change the fee from time to time without notice except as may be required by law.

## 7.   BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of FIFTEEN  calendar days after the date it is due, I will pay a late charge to the Note Holder.  The amount of the charge will be  5.000 % of my overdue payment of Principal and interest.  I will pay this late charge promptly, but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount.  That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by Applicable Law.  Those expenses include, for example, reasonable attorneys' fees.

## 8.   GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of a guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note.  The Note Holder may enforce its rights

0081173676

under this Note against each person individually or against all of us together.  This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor.  "Presentment" means the right to require the Note Holder to demand payment of amounts due.  "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions.  In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises which I make in this Note.  That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.  Some of those conditions are described as follows:

**(A) UNTIL MY INITIAL FIXED INTEREST RATE CHANGES TO AN ADJUSTABLE INTEREST RATE UNDER THE TERM STATED IN SECTION 4 ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL READ AS FOLLOWS:**

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by Applicable law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**(B) WHEN MY INITIAL FIXED INTEREST RATE CHANGES TO AN ADJUSTABLE INTEREST RATE UNDER THE TERMS STATED IN SECTION 4 ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT AS DESCRIBED IN SECTION 11(A) ABOVE SHALL THEN CEASE TO BE IN EFFECT, AND UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL INSTEAD READ AS FOLLOWS:**

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by Applicable Law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan

0081173676

assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**12. MISCELLANEOUS PROVISIONS**

In the event the Note Holder at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical or ministerial mistake, calculation error, computer error, printing error or similar error (collectively "Errors"), I agree, upon notice from the Note Holder, to reexecute any Loan Documents that are necessary to correct any such Errors and I also agree that I will not hold the Note Holder responsible for any damage to me which may result from any such Errors.

If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Note Holder delivers to me an indemnification in my favor, signed by the Note Holder, then I will sign and deliver to the Note Holder a Loan Document identical in form and content which will have the effect of the original for all purposes.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____          _____

DOUGLAS GILLIES

_____          _____

_____          _____

DocMagic eForms 800-649-1362
www.docmagic.com

# ADDENDUM TO FIXED/ADJUSTABLE RATE NOTE

Loan Number: 0081173676

This Addendum to Fixed/Adjustable Rate Note is made this __12th__ day of __AUGUST, 2003__ and is incorporated into and shall be deemed to amend and supplement the Fixed/Adjustable Rate Note (the "Note") of the same date given by the undersigned (the "Borrower") and made payable to the order of __Washington Mutual Bank, FA__ ("Lender").

Paragraph 3 of the Note is hereby restated in its entirety as follows:

## 3. PAYMENTS

### (A) Time and Place of Payments

I will make my monthly payments on the first day of each month beginning on __OCTOBER, 2003__. Until the first day of __OCTOBER, 2008__ I will pay only the interest on the unpaid principal balance of this Note. Thereafter, I will pay principal and interest by making payments every month as provided below.

I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on __SEPTEMBER 1, 2033__, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date".

I will make my monthly payments at __9451 Corbin Avenue, Northridge, California 91324__ or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $__1,979.17__. This amount may change.

### (C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid Principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note. Notwithstanding any other provision herein, the interest-only payment identified above shall be based upon the unpaid Principal balance after any partial prepayment is made.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____          _____

DOUGLAS GILLIES

_____          _____


_____          _____

DocMagic eForms 800-649-1362
www.docmagic.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA



### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV12- 10394 GW (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

Name & Address:
Douglas Gillies
3756 Torino Drive
Santa Barbara, CA 93105

*FOR OFFICE USE ONLY*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS GILLIES | CASE NUMBER |
| PLAINTIFF(S) | CV12-10394 -GW(MANx) |
| v. | |
| JPMORGAN CHASE BANK, N.A., and DOES 1-10, inclusive | **SUMMONS** |
| DEFENDANT(S). | |

TO: DEFENDANT(S): JPMORGAN CHASE BANK, N.A.

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, DOUGLAS GILLIES _____, whose address is 3756 Torino Drive, Santa Barbara, CA 93105 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: DEC - 5 2012

By: MARILYN DA____
Deputy Clerk

(Seal of the Court)

*FOR OFFICE USE ONLY*

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | | DEFENDANTS | |
|---|---|---|---|
| Douglas Gillies | | JPMorgan Chase Bank N.A. | |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** 100,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 2201(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☒ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV12-10394

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| New York | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date December 4, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |