Richard Ochoa (SBN 145998)
Bradley Dugan (SBN 271870)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California  90401
Telephone:   (310) 576-2100
Facsimile:   (310) 576-2200
E-Mail:      rcochoa@bryancave.com
             brad.dugan@bryancave.com

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS GILLIES,<br><br>          Plaintiff,<br><br>   vs.<br><br>JPMORGAN CHASE BANK, N.A., and DOES 1 through 10, Inclusive<br><br>          Defendants. | Case No:  CV12-10394-GW (MANx)<br><br>Assigned to the Hon. George H. Wu<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Request for Judicial Notice; [Proposed] Order]<br><br>Date:            January 24, 2013<br>Time:           8:30 a.m.<br>Courtroom:    10<br><br>Date Action Filed:  December 5, 2012<br>Trial Date:       None Set |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

942604

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL

2    PARTIES AND THEIR ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE THAT on January 24, 2013 at 8:30 a.m. or as soon

4    thereafter as the matter may be heard in Courtroom 10 of the above-entitled Court,

5    located at 312 North Spring Street, Los Angeles, CA 90012, Defendant, JPMorgan

6    Chase Bank, N.A. ("Chase"), will, and hereby does, move the Court pursuant to

7    Federal Rule of Civil Procedure 12(b)(6) for an Order dismissing the Complaint of

8    Plaintiff, Douglas Gillies ("Plaintiff") for failure to state a claim upon which relief

9    can be granted.  The Motion is made on the following grounds:

10       All of Plaintiff's causes of action fail to state a claim for relief because the

11   complaint is barred by the doctrine of res judicata, since Plaintiff has already filed

12   *two* other lawsuits related to this property, both of which have been dismissed in

13   California State Court, and affirmed on appeal by the California Court of Appeals.

14       Alternatively, each cause of action independently fails. Plaintiff's purported

15   First Cause of Action for Wrongful Foreclosure fails to state a claim for relief

16   because (1) Plaintiff alleges no tender of the amount due and owing on his loan, (2)

17   the foreclosure process has complied with both California law governing nonjudicial

18   foreclosures and the Deed of Trust, (3) there is no requirement under California law

19   that Chase must present the note in order to foreclose, (4) there is no requirement

20   under California law that an assignment of the beneficial interest in the note had to

21   be recorded, and (5) Plaintiff alleges no prejudice as a result of the foreclosure

22   process.

23       Plaintiff's purported Second Cause of Action for Quiet Title fails because it is

24   a remedy, not an independent cause of action, and because Plaintiff does not plead

25   the elements to receive the remedy.

26       Plaintiff's purported Third Cause of Action for "Declaratory and Injunctive

27   Relief" fails because declaratory and injunctive relief are remedies, not causes of

28   action, and Plaintiff fails to plead the elements to receive the remedies.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    Alternatively, the entire Complaint of Plaintiff should be dismissed because

2  Plaintiff challenges the alleged foreclosure proceedings and does not allege any

3  tender of the amount due and owing on the loan.

4    This Motion is based on this Notice of Motion and Motion, the attached

5  Memorandum of Points and Authorities, the records on file in this case, and all other

6  matters that the Court may consider, including the oral argument of counsel.

7  **<u>COMPLIANCE WITH L.R. 7-3</u>**

8    This Motion is made following the conference of counsel pursuant to L.R. 7-3

9  which took place on December 17, 2012 at 1:55 p.m.  Counsel for Defendant called

10  Plaintiff and left a voicemail message.  Plaintiff returned counsel's call on

11  December 18, 2012. The parties were unable to reach a resolution which eliminates

12  the necessity for a hearing.

13

14  Dated:  December 26, 2012       Respectfully submitted,

15                        BRYAN CAVE LLP

16

17                     By: */s/ Bradley Dugan*

18                       Bradley Dugan

                         Attorneys for Defendant

19                     JPMORGAN CHASE BANK, N.A.

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................ 1

II.   STATEMENT OF FACTS .................................................................. 3

III.  LEGAL STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) ................................................................................. 4

IV.   THE COMPLAINT SHOULD BE DISMISSED UNDER THE DOCTRINE OF RES JUDICATA ...................................................... 5

    A.   The Issues in the First Complaint Are Identical to the Issues in the Third Complaint ........................................................... 7

    B.   There Was a Final Judgment on the Merits in the Prior Action ........... 9

    C.   The Parties Are Identical ................................................................. 9

V.    ALTERNATIVELY, ALL OF PLAINTIFF'S CAUSES OF ACTION FAIL AS A MATTER OF LAW .................................................... 10

    A.   Plaintiff's Failure to Allege Tender Bars All His Claims .................... 10

    B.   Plaintiff's First Cause of Action for Wrongful Foreclosure Fails ....... 11

        1.   The Foreclosure Process Has Been Conducted In Accordance With California Law and the Provisions of the Deed of Trust .. 11

        2.   There Is No Requirement to Present the Note In Order to Foreclose ................................................................................. 13

        3.   There Is No Requirement that an Assignment of the Deed of Trust or Note Be Recorded ....................................................... 14

        4.   Plaintiff Does Not Allege Any Prejudice As a Result of the Alleged Foreclosure ................................................................. 15

    C.   Plaintiff's Second Cause of Action for Quiet Title Fails .................... 15

        1.   Quiet Title Is a *Remedy*, Not a Cause of Action ........................ 15

        2.   Plaintiff Fails to Tender the Amount Due and Owing on His Loan ......................................................................................... 16

        3.   Plaintiff Fails to Plead Any Competing Claims to the Property .................................................................................... 17

    D.   Plaintiff's Third Cause of Action for Declaratory and Injunctive Relief Fails ..................................................................................... 17

        1.   Plaintiff Is Not Entitled to Any Declaratory Relief .................... 17

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

2.    Plaintiff Is Not Entitled to Any Injunctive Relief ..................... 18

VI.   CONCLUSION ............................................................ 20

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

ii

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## <u>Cases</u>

*Abdallah v. United Savs. Bank*,
  43 Cal. App. 4th 1101 (1996) ....................................................................... 10

*Aguilar v. Boci*,
  39 Cal. App. 3d 475 (1974) .......................................................................... 16

*Alicea v. GE Money Bank*,
  No. C 09-00091 SBA, 2009 WL 2136969 (N.D. Cal. July 19, 2009) .................. 10

*Arnolds Mgmt. Corp. v. Eischen*,
  158 Cal.App.3d 575 (1984) ........................................................................... 10

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................................. 5, 17

*Bell Atl. Corp. v. Twombly*,
  127 S. Ct. 1955 (2007) ............................................................................. 5, 17

*Citizens for Open Acces Tc. Tide, Inc. v. Seadrift Association*,
  60 Cal. App. 4th 1053 (1998) ......................................................................... 6

*Debrunner v. Deutsche Bank National Trust Co.*,
  204 Cal. App. 4th 433 (2012) .................................................................. 13, 15

*Derusseau v. Bank of Am., N.A.*,
  2011 WL 5975821 (Nov. 21, 2011) ................................................................ 18

*Dimock v. Emerald Properties, LLC*,
  81 Cal. App. 4th 868 (2000) ......................................................................... 10

*Ebay Inc., v. MercExchange LLC*,
  547 U.S. 388 (2006) .................................................................................... 19

*Federation of Hillside and Canyon Associations v. City of Los Angeles*,
  126 Cal. App. 4th 1180 (2004) ..................................................................... 6, 7

*Fontenot v. Wells Fargo Bank, N.A.*,
  198 Cal. App. 4th 256 (2011) ................................................................... 14, 15

*Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*,
  85 Cal. App. 4th 1168 (2000) ......................................................................... 6

*Gillies v. California Reconveyance Co.* ("*Gillies II*"),
  2012 WL 3862167 (Cal. Ct. App., Sept. 6, 2012) ........................................ 4, 7, 9

*Gillies v. California Reconveyance Co.* ("*Gilllies I*"),
  2011 WL 1348413 at *1 (Cal. Ct. App., April 11, 2011) ............................... passim

*Grand River Enter. Six Nations, Ltd v. Pryor*,
  481 F.3d 60 (2d Cir. 2007) ........................................................................... 19

*Haynes v. EMC Mortgage Corp.*,
  205 Cal. App. 4th 329 (2012) ....................................................................... 14

*Herrera v. Federal National Mortgage Association*,
  205 Cal. App. 4th 1495 (2012) ..................................................................... 14

*In re Microsoft Corp. Antitrust Litig.*,
  333 F.3d 517 (4th Cir. 2003) ........................................................................ 19

*Johnson v. Am. Airlines, Inc.*,
  157 Cal. App. 3d 427 (1984) ................................................................6

*Johnson v. Riverside Healthcare Sys., LP*,
  534 F.3d 1116 (9th Cir. 2008) ...........................................................5

*Kelley v. Mortg. Elec. Regis.*,
  642 F. Supp. 2d 1048 (N.D. Cal. 2009) ...........................................16

*Leeper v. Beltrami*,
  53 Cal. 2d 195 (1959) .......................................................................16

*Marlin v. AIMCO Venezia, LLC*,
  154 Cal. App. 4th 154 (2007) ...........................................................18

*Migra v. Warren City School Dist. Bd. Of Educ.*,
  465 U.S. 75 (1984) ..............................................................................5

*Miller v. Wells Fargo Home Mortg.*,
  2010 WL 3431802 (E.D. Cal. Aug. 31, 2010) ..................................10

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ..............................................................4

*Ne. Ohio Coal. For Homeless & Serv. Employees Int'l Un. v. Blackwell*,
  467 F.3d 999 (6th Cir. 2006) ............................................................19

*Nguyen v. Calhoun*,
  105 Cal. App. 4th 428 (2003) ...........................................................10

*Ortiz v. Accredited Home Lenders, Inc.*,
  639 F. Supp. 2d 1159 (S.D. Cal. 2009) ............................................17

*Parcray v. Shea Mortg., Inc.*,
  2010 U.S. Dist. LEXIS 40377 (E.D. Cal. 2010) ..............................14

*Pedersen v. Greenpoint Mortg. Funding, Inc.*,
  2011 WL 3818560 (E.D. Cal. Aug. 29, 2011) ..................................16

*Pollock v. University of Southern California*,
  112 Cal. App. 4th 1416 (2003) ...........................................................6

Robinson v. Countrywide Home Loans, Inc.,
  199 Cal. App. 4th 42 (2011) .............................................................18

*Rosas v. Carnegie Mortgage, LLC*,
  2012 WL 1865480 (C.D. Cal. May 21, 2012) ..................................18

*Shamsian v. Atl. Richfield Co.*,
  107 Cal. App. 4th 967 (2003) ...........................................................18

*Team Enterprises, LLC v. W. Inv. Real Estate Trust*,
  721 F. Supp. 2d 898 (E.D. Cal. 2010) ..............................................18

*Vasquez v. L.A. Cnty.*,
  487 F.3d 1246 (9th Cir. 2007) ............................................................5

**Statutes**

Cal. Civ. Code § 2923.5 ...........................................................1, 3, 4, 9

Cal. Civ. Code § 2924 ..................................................................13, 18

Cal. Civ. Code § 2924(a)(1) .................................................................11

Cal. Civ. Code § 2932.5 .......................................................................14

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Cal. Civ. Proc. Code §761.020(a)-(e) ........................................................................17

**Other Authorities**

5 Witkin, California Procedure § 663 (5th ed. 2008) .............................................17

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................4

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This Motion to Dismiss Plaintiff's Complaint should be granted and the Complaint dismissed with prejudice because this lawsuit is barred by the doctrine of res judicata, as Plaintiff has filed *two prior actions* in the Superior Court of California for the County of Santa Barbara *concerning the same property as this lawsuit*, both of which were dismissed by the trial court and affirmed on appeal by the California Court of Appeals.

Specifically, Plaintiff filed his first lawsuit on November 25, 2009, against JPMorgan Chase Bank, N.A. ("Chase") and California Reconveyance Company ("CRC"). In that complaint (the "First Complaint"), Plaintiff alleged three causes of action for defects in the foreclosure process related to the notice of default and notice of trustee's sale, and two additional causes of action for quiet title and injunctive relief. The trial court sustained the demurrer of the Defendants without leave to amend and entered judgment in favor of the Defendants, and Plaintiff subsequently filed an appeal. The California Court of Appeals upheld the trial Court's judgment.

Plaintiff then proceeded to file an additional lawsuit in state court against CRC on July 13, 2011. That complaint (the "Second Complaint") alleged causes of action for declaratory relief, fraudulent transfer, violation of California Civil Code § 2923.5, and an injunction. The trial court held that this second lawsuit was barred by the California doctrine of res judicata. Plaintiff again appealed, and the California Court of Appeals again affirmed the judgment.

Now, in blatant disregard of the California Court of Appeals' two prior rulings, Plaintiff has filed a third lawsuit concerning the same property, this time against Chase. In his vexatious and frivolous complaint (the "Third Complaint"), Plaintiff alleges three causes of action for wrongful foreclosure, quiet title, and declaratory and injunctive relief. Fatal to Plaintiff's Third Complaint is that it

brings up the same issues from the First Complaint against the same defendant after a final judgment on the merits was entered. Thus, the Third Complaint, too, is barred by California's doctrine of res judicata

Even assuming, *arguendo*, that the Third Complaint was not barred by res judicata, each cause of action independently fails *as a matter of law.*

First, since all causes of action challenge the foreclosure proceedings, under well established California law, Plaintiff is required to allege tender of the amount due and owing on his loan. Not once does Plaintiff do so, and thus he has no standing to assert any of his three defective claims.

Second, the claim for wrongful foreclosure fails. Plaintiff complains that no transfer of the note from Washington Mutual Bank (the original lender of the loan) was recorded after Chase acquired certain assets of Washington Mutual. However, there is no requirement under California law that any assignment of a note must be recorded. Plaintiff likewise complains that Chase cannot present the note. Again, California law has no requirement that a party must present the note in order to foreclose. Finally, Plaintiff makes the baseless argument that because his first name is spelled as "Dougles" instead of "Douglas" on the Deed of Trust and foreclosure documents, the foreclosure is invalid. In response to this argument during the first appeal, the California Court of Appeals stated "no reasonable person would be confused by such a minor error." Moreover, there is no dispute that the property address is listed correctly on all documents or that Plaintiff's last name is spelled correctly. Indeed, even the adjustable rate rider attached to the Deed of Trust spells Plaintiff's name correctly, demonstrating the absurdity of his argument. Plaintiff even characterizes this as a simple "clerical error" in the Third Complaint. In any event, California law requires that a Plaintiff must allege prejudice as a result of any wrongful foreclosure. Plaintiff cannot do so.

Third, the claim for quiet title fails. Apart from not alleging that he will tender the amount due and owing on the loan, Plaintiff's claim is defective because

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  quiet title is a remedy, not a cause of action, and because Plaintiff cannot plead any
2  competing claims to the property in order to receive the relief.

3      Finally, the claim for declaratory and injunctive relief fails.  At the outset,
4  both of these purported causes of actions are remedies, not independent causes of
5  action.  Moreover, Plaintiff is not entitled to declaratory relief because it is
6  duplicative of his other claims.  Additionally, under California law, a borrower is
7  not allowed to preemptively file suit challenging the standing of a defendant to
8  foreclose.  This is exactly what Plaintiff has done.  Thus, the claim is improper.
9  Plaintiff is not entitled to any injunctive relief, either.  The Third Complaint merely
10  puts forth boilerplate statements that Plaintiff is entitled to an injunction, but there
11  are no factual allegations to support such claims.  Moreover, as indicated throughout
12  this Motion, Plaintiff has *no* likelihood of success on the merits.

13      As described more in depth below, Plaintiff's Third Complaint fails and
14  should be dismissed with prejudice.

15  **II.    STATEMENT OF FACTS**

16      Plaintiff filed his first lawsuit against Chase and CRC on November 25,
17  2009.[1]  (Request for Judicial Notice ("RJN"), Ex. A).  The First Complaint included
18  a cause of action alleging that a notice of default was never recorded, a cause of
19  action alleging that the notice of default was not filed in compliance with California
20  Civil Code § 2923.5, a cause of action alleging that Chase and CRC did not properly
21  record the notice of trustee's sale, a cause of action for an injunction, and a cause of
22  action for quiet title.  (RJN, Ex. B).  Chase and CRC filed a demurrer to the
23  complaint, which the trial court sustained without leave to amend.  (RJN, Ex. C, p.
24  1; *see also Gillies v. California Reconveyance Co.*("*Gillies I*"), 2011 WL 1348413
25  at *1 (Cal. Ct. App., April 11, 2011)).  Plaintiff subsequently appealed the judgment,

26  _____
[1] Plaintiff filed his original complaint in the California Superior Court for the County of
27  Santa Barbara.  He subsequently filed a first amended complaint, which is the pleading
attached as Exhibit B to the RJN.  This was the operative pleading in the Superior Court
28  and Court of Appeals.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   and the California Court of Appeals affirmed the ruling.  (RJN, Ex. B; *see also*

2   *Gillies I*, 2011 WL 1348413).  Plaintiff also argued on appeal that his name was not

3   properly spelled on the notice of the default.  (RJN, Ex. C, p. 7; *Gillies I, supra,*

4   2011 WL 1348413 at *4).  Plaintiff likewise disputed whether Chase was the

5   successor in interest to Washington Mutual Bank.  (RJN, Ex. C, p. 6; *Gillies I,*

6   *supra,* 2011 WL 1348413 at * 4).

7        Disregarding the California Court of Appeals' judgment, Plaintiff yet again

8   filed another lawsuit on July 13, 2011, this time only against CRC.  (RJN, Ex. D).

9   The Second Complaint included causes of action for declaratory relief, fraudulent

10  transfer based on the spelling error with Plaintiff's first name in the foreclosure

11  documents, a violation of California Civil Code § 2923.5, and an injunction.  (RJN,

12  Ex. D).  CRC filed a motion to strike, based on the doctrine of res judicata.  The trial

13  court granted the motion to strike.  Plaintiff appealed to the California Court of

14  Appeals.  The California Court of Appeals affirmed the trial court's ruling.  (RJN,

15  Ex. E; *see also Gillies v. California Reconveyance Co.* ("*Gillies II*"), 2012 WL

16  3862167 (Cal. Ct. App., Sept. 6, 2012)).

17       Now, in disregard of *two* prior judgments from the California Court of

18  Appeals, Plaintiff has shifted his strategy to again filing suit against Chase, and this

19  time in Federal Court.  The Third Complaint alleges three causes of action for

20  wrongful foreclosure, quiet title, and declaratory and injunctive relief.  Fatal to this

21  Third Complaint is that all these issues have been adjudicated in state court and a

22  final judgment on the merits in favor of Chase was entered.  Thus, the Third

23  Complaint is barred by the doctrine of res judicata and the Motion must be granted.

24  Moreover, each cause of action independently fails, as outlined below.

25  **III.   LEGAL STANDARD FOR MOTION TO DISMISS PURSUANT TO**

26  **RULE 12(b)(6)**

27       Motions to dismiss pursuant to Rule 12(b)(6) test the legal sufficiency of the

28  complaint.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  motion to dismiss, a complaint must contain sufficient factual matter, accepted as

2  true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129

3  S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974

4  (2007)); *see also Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22

5  (9th Cir. 2008) ("A Rule 12(b)(6) dismissal may be based on either a 'lack of a

6  cognizable legal theory' or 'the absence of sufficient facts alleged under a

7  cognizable legal theory.'").  "Threadbare recitals of the elements of a cause of

8  action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct.

9  at 1949; *see also Twombly*, 127 S. Ct. at 1959 (Mere "labels and conclusions"

10 and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice

11 to overcome a motion to dismiss.  (Citations omitted)).  Rather, the "[f]actual

12 allegations must be enough to raise a right to relief above the speculative level . . . ."

13 *Twombly*, 127 S. Ct. at 1959.  To determine whether a complaint states a plausible

14 claim for relief, the court must rely on its "judicial experience and common sense."

15 *Id*. at 1950.

16        A court may dismiss claims without granting leave to amend if amending the

17 complaint would be futile.  *See Vasquez v. L.A. Cnty*., 487 F.3d 1246, 1258 (9th Cir.

18 2007) ("Granting Vasquez leave to amend would have been futile, and we hold that

19 the district court did not err in preventing such futility.").

20 **IV.    THE COMPLAINT SHOULD BE DISMISSED UNDER THE**

21        **DOCTRINE OF RES JUDICATA**

22        Plaintiff's filing of this Third Complaint concerning the subject property is

23 barred by the doctrine of res judicata.  It is well settled that "a federal court must

24 give to a state-court judgment the same preclusive effect as would be given that

25 judgment under the law of the State in which the judgment was rendered." *Migra v.*

26 *Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 80-81 (1984).  In California,

27 "the doctrine of res judicata rests upon the ground that the party to be affected . . .

28 has litigated or had an opportunity to litigate the same matter in a former action in a

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

5

1 court of competent jurisdiction, and should not be permitted to litigate it again to the

2 harassment and vexation of his opponent. *Citizens for Open Acces Tc. Tide, Inc. v.*

3 *Seadrift Association*, 60 Cal. App. 4th 1053, 1065 (1998).

4   Moreover, "res judicata bars the litigation not only of issues that were actually

5 litigated *but also issues that could have been litigated.*" *Federation of Hillside and*

6 *Canyon Associations v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202 (2004)

7 (emphasis added). Under California law, it is irrelevant whether "the 'causes of

8 action' in [the second] suit are 'distinct and different' from those in the [first]

9 lawsuit." *Johnson v. Am. Airlines, Inc.*, 157 Cal. App. 3d 427, 432 (1984). "While

10 it is true that res judicata will only bar relitigation of the same cause of action by the

11 same parties, the question of whether a cause of action is identical for purposes of

12 res judicata depends not on the legal theory or label used, but on the 'primary right'

13 sought to be protected in the two actions. The invasion of one primary right gives

14 rise to a single cause of action." *Id*. "Hence a judgment for the defendant is a bar to

15 a subsequent action by the plaintiff based on the same injury to the same right, even

16 though he presents a different *legal ground* for relief." *Id.* (citations omitted).

17   Res judicata bars a subsequent action when "(1) the issues decided in the prior

18 adjudication are identical with those presented in the later action; (2) there was a

19 final judgment on the merits in the prior action; and (3) the party against whom the

20 plea is raised was a party . . . to the prior adjudication." *Pollock v. University of*

21 *Southern California*, 112 Cal. App. 4th 1416, 1427 (2003). In California, the rule is

22 that the finality required to invoke the preclusive bar of res judicata occurs when the

23 time to appeal has expired or when an appeal from the trial court judgment has been

24 exhausted. *Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*, 85 Cal.

25 App. 4th 1168, 1174 (2000).

26   Applicable here, Plaintiff's Third Complaint rehashes the same failed causes

27 of action from the First Complaint. The California Court of Appeals upheld the trial

28 court's decision sustaining the demurrer of Chase without leave to amend. (RJN,

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

6

1   Ex. C; *see also Gillies I, supra,* 2011 WL 1348413).  Moreover, after Plaintiff filed

2   yet a second lawsuit in state court against CRC, the California Court of Appeals

3   upheld the trial court's decision granting CRC's motion to strike the Second

4   Complaint based on the doctrine of res judicata.  (RJN, Ex. E; *see also Gillies v.*

5   *California Reconveyance Co. (Gillies II)*, 2012 WL 3862167 (Sept. 6, 2012)).

6       Because this is now Plaintiff's second lawsuit filed against Chase concerning

7   the same issues in the First Complaint even though a final judgment was entered in

8   Chase's favor, the Court should dismiss the Third Complaint on the basis of res

9   judicata just as the California Superior Court did when Plaintiff filed his second

10  lawsuit against CRC.  (RJN, Ex. E).

11   **A.     The Issues in the First Complaint Are Identical to the Issues in the**

12   **Third Complaint**

13      All of the issues in the Third Complaint have already been addressed in the

14  First Complaint that Plaintiff filed in the California Superior Court for the County of

15  Santa Barbara, and which the California Court of Appeals confirmed had no merit.

16      First, just as in the First Complaint, Plaintiff brings a cause of action for quiet

17  title. (*Compare* First Compl., p. 6, ¶¶ 23-27 *to* Third Compl., ¶¶ 27-32).  Although

18  in the Third Complaint there is a minor difference that Plaintiff claims all secured

19  sums were paid before Chase assumed Washington Mutual's assets on

20  September 25, 2008 (Third Compl., ¶ 30), there is no reason why Plaintiff could not

21  have presented this argument in the first lawsuit he filed.  Thus, pursuant to

22  *Federation of Hillside and Canyon Associations, supra*, 126 Cal. App. 4th at 1202,

23  res judicata bars this new argument because it could have been presented in the first

24  lawsuit.

25      Second, just as in the First Complaint, Plaintiff brings a cause of action for an

26  injunction.  (*Compare* First Compl., p. 5, ¶¶  23-27 *to* Third Compl., ¶¶ 33-38).  The

27  causes of action in both Complaints contain the same boilerplate language.  *Id.*

28  Thus, the issues are identical in both complaints.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    Third, even the Prayers of both Complaints are merely identical, apart from

2   minor cosmetic changes.  (*Compare* First Compl., Prayer, ¶¶ 1 – 7 *to* Third Compl.,

3   Prayer, ¶¶ 1-8).  In both Prayers, Plaintiff requests a temporary restraining order and

4   preliminary injunction.  (*Id.*)  In both Prayers, Plaintiff seeks $100,000 in damages.

5   (*Id.*)  In both Prayers, Plaintiff seeks a judgment that he owns the property in fee

6   simple.  (*Id.*)  In both Prayers, Plaintiff seeks costs of suit and attorneys' fees.  (*Id.*)

7    Finally, although the Third Complaint includes a cause of action for wrongful

8   foreclosure that was not present in the First Complaint, the claim is predicated upon

9   the same facts that form the basis for the First Complaint, and thus could have been

10  presented in the First Complaint.  The Third Complaint thus results in re-litigation

11  of the same primary right which was already adjudicated in state court.

12    Specifically, the Third Complaint alleges that the Notice of Default and

13  Notice of Trustee's Sale are invalid because the documents spell Plaintiff's first

14  name as "Dougles" instead of "Douglas."  (*See e.g.* Third Compl., ¶¶ 20-22, 26).

15  However, this specific issue was disposed of by the Court of Appeals affirming the

16  trial court's ruling sustaining Chase's demurrer to the First Complaint without leave

17  to amend:

18    Gillies points out that the notice of default misspells his first name

19    Doug*l*es, instead of the correct "*Douglas*."  But no reasonable person

20    would be confused by such a minor error. . . Gillies's argument fails to

21    raise a material issue.

22    (RJN, Ex. C, p. 7; *Gillies I, supra,* 2011 WL 1348413 at *4) (emphasis in

23  original).

24    Thus, Plaintiff already presented this argument on his first appeal, which the

25  Court of Appeals found lacked merit.  To the extent Plaintiff may try to argue that

26  this argument was not explicitly alleged in the First Complaint but rather brought up

27  on appeal, there is no reason why Plaintiff could not have included the argument in

28  his First Complaint, thus constituting the same cause of action.  Indeed, this was

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

precisely the California Court of Appeals' reasoning in *Gillies II.*  (RJN, Ex. E).

Moreover, the Third Complaint states that CRC was not authorized to initiate the foreclosure process.  (Third Compl., ¶ 26).  However, in the First Complaint, Plaintiff complained that a notice of default was not recorded, that the notice of default violated California Civil Code § 2923.5, and that the notice of trustee's sale did not comply with the California Civil Code.  (First Compl., ¶¶ 6, 13, 16-22).  Thus, Plaintiff has already challenged the validity of the foreclosure proceedings and is merely changing the name of the cause of action to get another proverbial bite at the apple.  Indeed, the Court of Appeals in *Gillies I* stated that there were no such defects in the foreclosure process.  (RJN, Ex. B, pp. 4-6; *Gillies I, supra,* 2011 WL 1348413 at * 2-3).  Plaintiff has already adjudicated this same primary right regarding the foreclosure proceedings and therefore, these "new" allegations are the same cause of action for purposes of res judicata.

Plaintiff also brings up miscellaneous arguments concerning Chase having to record a transfer of the beneficial interest of the note (Third Compl., ¶¶ 7, 17), and that Chase has not presented the note (Third Compl., ¶ 19).  However, there is no reason why these arguments could not have been presented when the first lawsuit was filed.  In any event, the allegations fail as a matter of law, as outlined below.

Thus, as demonstrated above, the First Complaint and Third Complaint concern the same issues, and the first element of res judicata is met.

**B.    There Was a Final Judgment on the Merits in the Prior Action**

The demurrer to the First Complaint was sustained without leave to amend. The California Court of Appeals affirmed this judgment.  (RJN, Ex. C).  Because Plaintiff has exhausted his appeals of the First Complaint, there has been a final judgment on the merits.

**C.    The Parties Are Identical**

Chase was a defendant in the First Complaint filed by Plaintiff.  (RJN, Ex. A & B).  Chase is also a defendant in the Third Complaint filed by Plaintiff.  (*See*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   *generally* Third Compl.).  Douglas Gillies has been the Plaintiff in both the First and

2   Third Complaints.  (RJN, Ex. A; Third Compl.).  Thus, the parties are identical, and

3   res judicata applies to bar this frivolous, vexatious lawsuit.

4   **V.    ALTERNATIVELY, ALL OF PLAINTIFF'S CAUSES OF ACTION**

5   **FAIL AS A MATTER OF LAW**

6   **A.    Plaintiff's Failure to Allege Tender Bars All His Claims**

7   All of Plaintiff's causes of action are barred because he does not allege tender

8   and because all claims either challenge the foreclosure process or seek equitable

9   remedies.  A plaintiff challenging a foreclosure sale must allege tender under "any

10  cause of action for irregularity in the sale procedure." *Abdallah v. United Savs.*

11  *Bank*, 43 Cal. App. 4th 1101, 1109 (1996).  "When a debtor is in default of a home

12  mortgage loan, and a foreclosure is either pending or has taken place, the debtor

13  must allege a credible tender of the amount of the secured debt to maintain any

14  cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, 2009 WL

15  2136969, at *3 (N.D. Cal. July 19, 2009).  "The rules which govern tenders are strict

16  and are strictly applied . . . ." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439

17  (2003).  A plaintiff must also plead facts to show that their offer is valid.  *Miller v.*

18  *Wells Fargo Home Mortg.*, 2010 WL 3431802, at *5 (E.D. Cal. Aug. 31, 2010).

19  The tender requirement applies to any claim "implicitly integrated" with the

20  foreclosure proceedings – not merely claims that challenge the proceedings, but also

21  those that seek damages related to the proceedings.  *Arnolds Mgmt. Corp. v.*

22  *Eischen*, 158 Cal.App.3d 575, 579 (1984).  The tender rule applies as a further basis

23  for dismissal of these causes of action insofar as they seek equitable remedies.

24  *Dimock v. Emerald Properties, LLC*, 81 Cal. App. 4th 868, 878 (2000).

25  Here, Plaintiff not once makes any allegation of tender.  Each cause of action

26  challenges the nonjudicial foreclosure proceedings.  (*See e.g.* Third Compl., ¶¶ 7-15;

27  17; 19-26; 29-32; 34 -38).  Indeed, quiet title, declaratory relief, and injunctive relief

28  are all equitable remedies.  (*See* Section V(C)(1) and V(D)(1) & (2)).  Thus, because

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   Plaintiff's Complaint seeks equitable remedies which are implicitly integrated with
2   the foreclosure process, the tender rule applies.  As such, Plaintiff's failure to allege
3   tender bars all his claims.  The Motion should be granted for this sole reason.

**B.      Plaintiff's First Cause of Action for Wrongful Foreclosure Fails**

       **1.      The Foreclosure Process Has Been Conducted In Accordance
           With California Law and the Provisions of the Deed of Trust**

7   Plaintiff's Third Complaint demonstrates a flawed understanding of
8   California's law governing nonjudicial foreclosure sales.  Plaintiff comes up with an
9   incorrect theory that California Reconveyance Company was not authorized to
10  initiate the foreclosure process and that the pending trustee's sale is "illegal."  (Third
11  Compl., ¶ 26).  However, the express terms of the Deed of Trust and California law
12  rebut Plaintiff's contentions.

13  Specifically, Plaintiff obtained a $500,000 loan on August 12, 2003.  (RJN,
14  Ex. G, p. 2).  The Deed of Trust lists the lender as Washington Mutual Bank and the
15  trustee as CRC.  (RJN, Ex. G, p. 2).  The Deed of Trust explicitly grants CRC the
16  power to execute a notice of default, execute a notice of trustees' sale, and to
17  conduct a nonjudicial foreclosure in the event of Plaintiff's default.  (RJN, Ex. G, p.
18  2; p. 13, ¶ 22).

19  Pursuant to a Purchase and Assumption Agreement dated September 25,
20  2008, Chase acquired certain assets and assumed certain liabilities of WaMu from
21  the FDIC acting as receiver.  (RJN, Ex. F).  Thus, Chase is the successor in interest
22  of Washington Mutual, which is expressly permitted under the Deed of Trust.  (RJN,
23  Ex. G, ¶ 13) (providing that the "The covenants and agreements of this Security
24  Instrument shall bind . . . and benefit the successors and assigns of Lender.") ( *See*
25  *also* RJN, Ex. G, ¶ 20) (providing that the note can be sold to another entity).

26  The California statutory process governing nonjudicial foreclosures allows
27  the foreclosure to be conducted by the "trustee, mortgagee, or beneficiary."  Civ.
28  Code § 2924(a)(1).  Here, on August 13, 2009, CRC, acting pursuant to its powers

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    as the trustee under the Deed of Trust, recorded a Notice of Default listing arrears of

2    $10,367.71 as of August 12, 2009.  (RJN, Ex. H, p. 1).

3         On November 18, 2009, CRC—acting pursuant to its powers as the trustee

4    under the Deed of Trust—recorded a Notice of Trustee's Sale.  (RJN, Ex. I).  As

5    Plaintiff failed to cure his arrearages, CRC recorded two more Notices of Trustee's

6    Sales on June 30, 2011 and November 8, 2012, respectively.  (RJN, Exs. J & K).

7    Thus, the foreclosure process has occurred in conformance with California law and

8    the terms of the Deed of Trust.

9         Plaintiff also complains that because the Deed of Trust misspells his first

10   name as "Dougles" instead of "Douglas" the foreclosure documents were not

11   properly indexed and the foreclosure process is invalid.  (*See e.g.* Third Compl., ¶¶

12   9-14, 20-24).  As the California Court of Appeals stated in the first lawsuit after

13   Plaintiff presented this same theory, "no reasonable person would be confused by

14   such a minor error.  Gillies' last name is spelled correctly and the notice [of default]

15   contains the street address of the property as well as the assessor's parcel number."

16   (RJN, Ex. C; *Gillies I, supra,* 2011 WL 1348413 at *4).  Here, the same analysis

17   applies yet again.  There is no dispute that the property address is listed correctly on

18   all foreclosure notices, and Plaintiff's last name is spelled correctly on all

19   documents.  Indeed, the Adjustable Rate Rider attached to the Deed of Trust

20   correctly lists Plaintiff's name as "Douglas Gillies."  (RJN, Ex. G, p. 21).

21        Further demonstrating the absurdity of Plaintiff's argument is that Plaintiff

22   admits to receiving $500,000 from Washington Mutual (Third Compl., ¶ 7 ; Ex. 6).

23   In fact, Plaintiff seeks to enforce Paragraph 22[2] of the Deed of Trust, thus tacitly

24   admitting that the Deed of Trust is a valid document.  (Third Compl., ¶ 25).

25   Plaintiff likewise recognizes that "Dougles Gillies" is a simple spelling error when

26

27   [2] This section of the Deed of Trust permits the Trustee to start the nonjudicial foreclosure
     process.  As described above, California Reconveyance Company complied with the Deed

28   of Trust and California law when starting the nonjudicial foreclosure process.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   he states that all Chase had to do to correct the error is "contact Plaintiff and ask him

2   to sign a correctly spelled document."[3]  (Third Compl., ¶ 24; *see also* Third Compl.,

3   ¶ 23).  Plaintiff provides no authority for the proposition that the foreclosure process

4   is invalid because of a spelling error.  Instead, as demonstrated above (and as the

5   California Court of Appeals has affirmed *twice*), there was no error in the

6   foreclosure process.  Thus, the Motion should be granted and the Third Complaint

7   should be dismissed with prejudice.

8   ## 2.    <u>There Is No Requirement to Present the Note In Order to</u>

9   ## <u>Foreclose</u>

10   Plaintiff states in support of his cause of action that "Chase cannot produce an

11   original Note because Chase does not own the loan and cannot identify the owner of

12   the loan."  (Third Compl., ¶ 19).  However, under California law there is "nothing in

13   the applicable statutes that precludes foreclosure when the foreclosing party does

14   not possess the original promissory note.  [California Civil Code § 2924 *et seq.*] sets

15   forth a comprehensive framework for the regulation of a nonjudicial foreclosure sale

16   pursuant to a power of sale contained in a deed of trust." *Debrunner v. Deutsche*

17   *Bank National Trust Co.*, 204 Cal. App. 4th 433, 440 (2012) (citations omitted).

18   Moreover, the California Court of Appeals stated in Plaintiff's prior state court

19   action that "there is simply no reasonable dispute that Chase is Washington Mutual

20   Bank's successor-in-interest as to Gillies trust deed."  (RJN, Ex. C; *Gillies I, supra,*

21   2011 WL 1348413 at *4).  Indeed, Plaintiff even admits in his Third Complaint that

22   Chase assumed certain assets of Washington Mutual.  (Third Compl., ¶ 30).  Thus,

23   because Chase is not required to present the note in order to foreclose, because the

24   California Court of Appeals already stated that Chase is the successor in interest to

25   Washington Mutual, and because Plaintiff even admits that Chase is the successor in

---

26   [3] Plaintiff also states that the Adjustable Rate Note at Paragraph 12 (Compl., Ex. 6)
27   provides for the method of correcting the spelling error.  However, this document attached
to Plaintiff's Complaint is not signed by either party, rather, it is blank.  In any event, the
28   provision is not mandatory and is for the protection of the lender, not the borrower.

1  interest to Washington Mutual, Plaintiff's claim lacks merit.  The Motion should be

2  granted.

3       **3.    <u>There Is No Requirement that an Assignment of the Deed of</u>**

4             **<u>Trust or Note Be Recorded</u>**

5       Plaintiff states that "[n]o recorded document indicates that the interest of

6  Washington Mutual Bank, FA in the Property was ever transferred before or after

7  the entity cease to exist."  (Third Compl., ¶ 7; *see also* Third Comp., ¶ 17).

8       Plaintiff misunderstands the law.  A recorded assignment is not necessary for

9  a party to be a valid beneficiary that can conduct foreclosure proceedings.  Indeed,

10 in *Haynes v. EMC Mortgage Corp.*, the California Court of Appeals upheld the

11 Superior Court's decision sustaining a demurrer without leave to amend when the

12 plaintiff argued that Civil Code § 2932.5 mandated that the assignment be recorded.

13 The Court held  that "where a deed of trust is involved, the trustee may initiate

14 foreclosure irrespective of whether an assignment of the beneficial interest is

15 recorded."  *Haynes v. EMC Mortgage Corp.*, 205 Cal. App. 4th 329, 336 (2012); *see*

16 *also Parcray v. Shea Mortg., Inc.*, 2010 U.S. Dist. LEXIS 40377, at *31 (E.D. Cal.

17 2010) ("There is no requirement under California law for an assignment to be

18 recorded in order for an assignee beneficiary to foreclose.").  Moreover, as stated in

19 *Herrera v. Federal National Mortgage Association*, 205 Cal. App. 4th 1495, 1506

20 (2012), an assignment of the note is commonly not recorded.  *Herrera* relied on

21 *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011), which held,

22 "assignments of debt, as opposed to assignments of the security interest incident to

23 the debt, are commonly not recorded.  The lender could readily have assigned the

24 promissory note to HSBC in an unrecorded document that was not disclosed to

25 plaintiff."

26      Thus, the fact that there has been no assignment of the beneficial interest in

27 the note to Chase does not render the foreclosure process invalid.  Rather, this is just

28 a red herring and has no bearing on the propriety of the foreclosure process.  The

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   Motion should be granted.

2       **4.      Plaintiff Does Not Allege Any Prejudice As a Result of the**

3               **Alleged Foreclosure**

4       Finally, the Motion should be granted for the additional independent reason

5   that Plaintiff alleges no prejudice as a result of the foreclosure.  Under California

6   law, "a plaintiff in a suit for wrongful foreclosure has generally been required to

7   demonstrate [that] the alleged imperfection in the foreclosure process was

8   prejudicial to plaintiff's interests."  *Debrunner v. Deutshe Bank National Trust*

9   *Company,* 204 Cal. App. 4th 433, 443 (2012) (*citing Fontenot, supra.*, 198 Cal.

10  App. 4th at 271.

11      Thus, to prevail on his claim, Plaintiff must show that he was prejudiced by

12  the purported "clerical error" of misspelling his name, which he has not.  *Id.*

13  (finding no prejudice where an assignment merely substitutes one creditor for

14  another, without changing Plaintiff's obligations under the note).  Plaintiff's Third

15  Complaint does not plead any allegations of any prejudice as a result of the

16  purported spelling error.  Indeed, Plaintiff even states that this was a simple "clerical

17  error."  (Third Compl., ¶¶ 23, 24).  This admission conclusively establishes that

18  Plaintiff has not been prejudiced.  Moreover, as the California Court of Appeals

19  stated, there is no dispute that the property address and assessor's parcel number are

20  correct.  (RJN, Ex. C; *Gillies I, supra,* 2011 WL 1348413 at *4).  Indeed, "*no*

21  *reasonable person would be confused by such a minor error*."  *Id.* (emphasis added).

22  Finally, to the extent that the simple error with the spelling of Plaintiff's first name

23  caused Plaintiff any confusion with the grantor-grantee index, Plaintiff attaches *all*

24  foreclosure related documents to his Third Complaint, demonstrating he was in no

25  way prejudiced.  Thus, the claim fails for this additional reason.  The Motion to

26  Dismiss should be granted.

27      **C.      Plaintiff's Second Cause of Action for Quiet Title Fails**

28          **1.      Quiet Title Is a *Remedy*, Not a Cause of Action**

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   Quieting title is not itself an independent cause of action, but rather is "the
2   *relief* granted once a court determines that title belongs to plaintiff." *Leeper v.*
3   *Beltrami*, 53 Cal. 2d 195, 216 (1959) (emphasis added).  "In other words, in such a
4   case, the plaintiff must show he has a substantive right to relief before he can be
5   granted any relief at all."  *Id.*  Because Plaintiff impermissibly pleads quiet title as
6   an affirmative cause of action, the claim should be dismissed without leave to
7   amend.

8   ## 2. Plaintiff Fails to Tender the Amount Due and Owing on His
9   ## Loan

10   Plaintiff also fails to allege tender in his quiet title count.  In California,
11   "[t]ender of the indebtedness is required to quiet title in California." *Pedersen v.*
12   *Greenpoint Mortg. Funding, Inc.*, 2011 WL 3818560, at *13 (E.D. Cal. Aug. 29,
13   2011) (citing *Aguilar v. Boci,* 39 Cal. App. 3d 475, 477 (1974)); *Kelley v. Mortg.*
14   *Elec. Regis.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not
15   alleged . . . that they have satisfied their obligation under the Deed of Trust.  As
16   such, they have not stated a claim to quiet title.").

17   Here, as discussed above in Section V(A), Plaintiff does not state he will
18   tender any of the amount due and owing on his loan.  This alone is grounds for
19   dismissal of the second cause of action, and the Motion thus should be granted and
20   the Complaint dismissed with prejudice.

21   To the extent that Plaintiff argues that he "is informed and believes that the
22   lawful beneficiary has been paid in full" (Third Compl., ¶ 29) and that "the
23   obligations owed to WaMu under the DOT were fulfilled and the loan was fully paid
24   before Chase assumed Washington Mutual assets" (Third Compl., ¶ 30), the Court
25   should disregard such allegations.  Plaintiff only alleges conclusory allegations that
26   the loan has been paid in full.  He alleges no specific facts of when the loan was
27   paid, or who even paid off the loan, or what amount was paid.  In fact, the California
28   Court of Appeals in *Gillies I* affirmed the trial court's decision sustaining Chase's

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   demurrer to the quiet title cause of action without leave to amend because Plaintiff

2   did not tender.  (RJN, Ex. C; *Gillies I*, *supra*, 2011 WL 1348413 at * 3).  Thus,

3   pursuant to *Iqbal*, *Twombly*, and *Gillies I*, *supra*, Plaintiff's conclusory statements

4   should be disregarded.

5           **3.**    <u>**Plaintiff Fails to Plead Any Competing Claims to the**</u>

6                 <u>**Property**</u>

7         Finally, Plaintiff fails to allege all of the elements required to receive the

8   remedy of quiet title.  In order to quiet title, a plaintiff must allege: (1) a description

9   of the subject property; (2) the title of the plaintiff as to which determination is

10  sought and the basis of the title; (3) the claims adverse to the title of the plaintiff

11  against which a determination is sought; (4) the date as of which the determination

12  is sought; and (5) a prayer for determination of the title of the plaintiff against

13  adverse claims.  Cal. Code Civ. Proc. §761.020(a)-(e); 5 Witkin, California

14  Procedure § 663, p. 90 (5th ed. 2008).

15        Here, Plaintiff cannot establish any competing claim to title.  The foreclosure

16  process has yet to be completed and title remains in his name.  (*See* RJN, Exs. G -

17  K); *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1168 (S.D. Cal.

18  2009) (holding that "recorded foreclosure Notices do not affect Plaintiffs' title,

19  ownership, or possession in the Property").  Because only foreclosure notices have

20  been recorded, there are no "adverse" claims to quiet title.  Thus, the Motion should

21  be Granted.

22      **D.**    <u>**Plaintiff's Third Cause of Action for Declaratory and Injunctive**</u>

23           <u>**Relief Fails**</u>

24         **1.**    <u>**Plaintiff Is Not Entitled to Any Declaratory Relief**</u>

25        Plaintiff seeks declaratory relief concerning his and Chase's respective rights

26  and duties pertaining to the note and deed of trust.  The claim fails for multiple,

27  independent reasons.

28        First, fatal to the cause of action is that, as applicable here, the nonjudicial

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   foreclosure process of Civil Code § 2924 *et seq.* does not permit Plaintiff to

2   preemptively file suit challenging the standing of Defendants to foreclose. *Robinson*

3   *v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011) ("the statutory

4   scheme . . . does not provide for a preemptive suit challenging standing.). Here,

5   Plaintiff "desires a judicial determination of his rights and duties as to the validity of

6   the Note and DOT, and Defendant's rights to proceed with nonjudicial foreclosure

7   on the Property." (Third Compl., ¶ 35). Because Plaintiff is not allowed to

8   preemptively file suit to challenge the foreclosure, he is not entitled to the

9   declaratory relief he seeks.

10       Second, declaratory relief is only a remedy, not an independent cause of

11   action. *Rosas v. Carnegie Mortgage, LLC*, 2012 WL 1865480 at *10 (C.D. Cal.

12   May 21, 2012) ("declaratory and injunctive relief are prayers for relief, not causes of

13   action."). Thus, the Motion should be granted.

14       Third, "the Declaratory Relief Act ('DJA') is merely a procedural statute and

15   does not provide an independent theory for recovery." *Derusseau v. Bank of Am.,*

16   *N.A.*, 2011 WL 5975821, at *9 (Nov. 21, 2011) (citing *Team Enterprises, LLC v. W.*

17   *Inv. Real Estate Trust*, 721 F. Supp. 2d 898, 911 (E.D. Cal. 2010)). "Rather, where

18   the plaintiff has stated an underlying claim for relief, the DJA merely offers the

19   plaintiff an additional remedy." *Id.* Because all the other claims fail as discussed

20   herein, Plaintiff has no right to relief under the DJA.

21           **2.    Plaintiff Is Not Entitled to Any Injunctive Relief**

22       Plaintiff's purported "cause of action" for injunctive relief fails because it too

23   is a remedy, not a cause of action. *See Rosas v. Carnegie Mortgage, LLC*, 2012 WL

24   1865480 at *10 (C.D. Cal. May 21, 2012) ("declaratory and injunctive relief are

25   prayers for relief, not causes of action.") (citations omitted); *see also Marlin v.*

26   *AIMCO Venezia, LLC*, 154 Cal. App. 4th 154, 162 (2007); *Shamsian v. Atl.*

27   *Richfield Co.*, 107 Cal. App. 4th 967, 984-85 (2003) ("[A] request for injunctive

28   relief is not a cause of action. Therefore, we cannot let this 'cause of action'

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   stand."). As such, the "cause of action" should be dismissed with prejudice for this

2   reason alone.

3          In any event, Plaintiff is not entitled to any type of injunctive relief.

4   Injunctive relief under federal law requires that plaintiffs plead: (1) irreparable

5   injury, (2) no adequate remedy at law, (3) a likelihood of success on the merits,

6   (4) the balance of hardships, and (5) the effect on the public interest. *See Ebay Inc.,*

7   *v. MercExchange LLC*, 547 U.S. 388, 391 (2006) (permanent injunction); *In re*

8   *Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003) (preliminary

9   injunction); *Ne. Ohio Coal. For Homeless & Serv. Employees Int'l Un. v. Blackwell*,

10  467 F.3d 999, 109 (6th Cir. 2006) (TRO). To satisfy the irreparable injury element,

11  plaintiff must show that: (1) he will suffer an imminent injury, and (2) the injury

12  would be irreparable. *See Grand River Enter. Six Nations, Ltd v. Pryor*, 481 F.3d

13  60, 66 (2d Cir. 2007).

14         Here, Plaintiff does nothing more than make a threadbare recitation of the

15  elements for relief without providing any factual allegations to support a finding of

16  relief. (Third Compl., ¶¶ 36-38). Notably absent from Plaintiff's allegations is *how*

17  he will suffer irreparable injury when he has been living in the Property without

18  making his required monthly mortgage payments. Moreover, Plaintiff completely

19  glosses over any analysis of how the burden to Plaintiff is greater than the burden to

20  Chase. Indeed, Chase will be more harmed by the granting of an injunction as

21  Plaintiff has not been making his mortgage payments (thus breaching his Deed of

22  Trust) and Chase is not receiving the monetary income it should be receiving from

23  Plaintiff. Further, Chase has no way to ensure that the Property is being maintained

24  properly, thereby causing a risk that the value of the Property might diminish due to

25  Plaintiff's neglect.

26         Finally, for the reasons stated above, Plaintiff cannot demonstrate any

27  likelihood of success on the merits for any of his causes of action. Notably, he has

28  filed two lawsuits against Chase and CRC and judgment has been entered in the

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  Defendants' favor in *both* lawsuits and these judgments have both been affirmed by

2  the California Court of Appeals.  (RJN, Exs. C & E; *Gillies I* and *Gillies II, supra*).

3  Plaintiff's purported cause of action—which is actually a remedy—fails for this

4  additional reason.  Therefore, the Motion should be granted and the Third Complaint

5  should be dismissed with prejudice.

6  **VI.    CONCLUSION**

7         For the above reasons, Chase respectfully requests that this Court grant its

8  Motion to Dismiss without leave to amend and dismiss the Third Complaint with

9  prejudice.

10

11  Dated:  December 26, 2012                    Respectfully submitted,

12                                                               BRYAN CAVE LLP

13

14                                              By: */s/ Bradley Dugan*

15                                                      Bradley Dugan
                                                        Attorneys for Defendant

16                                                      JPMORGAN CHASE BANK, N.A.

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

On December 26, 2012, I served the following documents in the within action as follows, described as: **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**, on the interested party(-ies) in this action, as follows**:**

Douglas Gillies                               *Plaintiff in Pro Per*
3756 Torino Drive                         Phone: (805) 682-7033
Santa Barbara, CA 93105            Email: douglasgillies@gmail.com

☒ **(VIA FEDEX)** I deposited in a box or other facility maintained by FedEx, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

☒ (**VIA ELECTRONIC SERVICE)**  The document was served via The United States District Court –Central District's CM/ELF electronic transfer system which generates a Notice of Electronic Filing (NEF) upon the parties, the assigned judge and any registered user in the case.

☒ **(FEDERAL ONLY)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 26, 2012, at Santa Monica, California.

*/s/ Michelle Hicks*
Michelle Hicks

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

942604