Richard Ochoa (SBN 145998)
Bradley Dugan (SBN 271870)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-Mail: rcochoa@bryancave.com
brad.dugan@bryancave.com

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS GILLIES,<br><br>          Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., and DOES 1 through 10, Inclusive<br><br>          Defendants. | Case No: CV12-10394-GW (MANx)<br><br>Assigned to the Hon. George H. Wu<br><br>**REQUEST FOR JUDICIAL NOTICE**<br><br>[Filed concurrently with Notice of Motion and Motion to Dismiss; [Proposed] Order]<br><br>Date: January 24, 2013<br>Time: 8:30 a.m.<br>Courtroom: 10<br><br>Date Action Filed: December 5, 2012<br>Trial Date: None Set |

SM01DOCS\942951.1

REQUEST FOR JUDICIAL NOTICE

## I.  INTRODUCTION

Defendant JPMorgan Chase Bank, N.A. ("Chase") requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following attached documents to this Request for Judicial Notice as Exhibits A through K in support of Chase's Motion to Dismiss the Complaint of Plaintiff Douglas Gillies:

Exhibit A:   Plaintiff's Original Complaint from the first lawsuit he filed against Chase in the Superior Court of the State of California, County of Santa Barbara, Case No. 1340786.  A true and correct copy is attached as Exhibit "A."

Exhibit B:   Plaintiff's First Amended Complaint from the first lawsuit he filed against Chase in the Superior Court of the State of California, County of Santa Barbara, Case No. 1340786.  A true and correct copy is attached as Exhibit "B."

Exhibit C:   The California Court of Appeals ruling on Plaintiff's appeal of the judgment entered in favor of Chase from Case No. 1340786.  A true and correct copy is attached as Exhibit "C."

Exhibit D:   Plaintiff's Complaint from the second lawsuit he filed against California Reconveyance Company in the Superior Court of the State of California, County of Santa Barbara, Case No. 1381828.  A true and correct copy is attached as Exhibit "D."

Exhibit E:   The California Court of Appeals ruling on Plaintiff's appeal of the judgment entered in favor of California Reconveyance Company from Case No. 1381828.  A true and correct copy is attached as Exhibit "E."

Exhibit F:   Purchase and Assumption Agreement, dated September 25, 2008, between Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank, FA, and JPMorgan Chase Bank, N.A.  A true and correct copy of the Purchase and Assumption Agreement is attached as Exhibit "F."[1]

Exhibit G:   Deed of Trust, recorded/filed on August 27, 2003, in Official

---

[1] *Also available at* http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf.

Records, County of Santa Barbara, document no. 2003-0116698.  A true and correct copy of the Deed of Trust is attached as Exhibit "G."

Exhibit H:   Notice of Default, recorded/filed on August 13, 2009, in Official Records, County of Santa Barbara, document no. 2009-0049697.  A true and correct copy of the Notice of Default is attached as Exhibit "H."

Exhibit I:   Notice of Trustee's Sale, recorded/filed on November 18, 2009, in Official Records, County of Santa Barbara, document no. 2009-0069334.  A true and correct copy of the Notice of Trustee's Sale is attached as Exhibit "I."

Exhibit J:   Notice of Trustee's Sale, recorded/filed on June 30, 2011, in Official Records, County of Santa Barbara, document no. 2011-0037798.  A true and correct copy of the Notice of Trustee's Sale is attached as Exhibit "J."

Exhibit K:   Notice of Trustee's Sale, recorded/filed on November 8, 2012, in Official Records, County of Santa Barbara, document no. 2012-0075720.  A true and correct copy of the Notice of Trustee's Sale is attached as Exhibit "K."

The relevance of the attached documents to be noticed is set forth in the concurrently-filed Notice of Motion, Motion to Dismiss the Complaint, and Memorandum of Points and Authorities; all pleadings and records on file in this action; and such other and further matters as the Court may consider.

## II.    JUDICIAL NOTICE IS PROPER

Chase requests that the Court take judicial notice of the attached state court pleadings in connection with its concurrently-filed Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A matter that is properly the subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  A document not physically attached to the complaint may be considered by the court on a Rule 12(b)(6) motion if the complaint refers to such document, the document is central to plaintiff's claims, and there is no question concerning the authenticity of the document. *Branch v. Tunnell*, 14 F.3d 449, 454

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California  90401-2386

1  (9th Cir. 1994); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 n. 3 (2d Cir.
2  2002).  Additionally, under Federal Rule of Evidence 201, a court may take judicial
3  notice of matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89
4  (9th. Cir. 2001).  Moreover,"[a] court may take judicial notice of court records and
5  other matters of public record." *Sherman v. Reisig*, 2010 WL 5169067, at *2, n. 2
6  (E.D. Cal. Dec. 14, 2010) (Slip Copy); *see also Burbank-Glendale-Pasadena*
7  *Airport Authority v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998); *Porter v.*
8  *Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010).

9        Here, Exhibits A, B, and D were filed in two separate lawsuits Plaintiff filed
10 in the California State Court for the County of Santa Barbara.  Exhibits C and E
11 were rulings of the California Court of Appeals related to the two lawsuits that
12 Plaintiff filed.  Thus, judicial notice of Exhibits A though E is proper.  *See id.*

13       Moreover, judicial notice of Exhibits G through K (the recorded property
14 documents) is likewise proper.  In cases involving disputes over mortgage loan
15 transactions and foreclosures sales, courts commonly take judicial notice of publicly
16 recorded instruments on the property at issue.  *See, e.g., Wilson v. JPMorgan Chase*
17 *Bank, N.A.*, 2010 WL 2574032, *2 (E.D. Cal. June 25, 2010) (granting the
18 defendants' request for judicial notice of a "number of publically recorded
19 instruments relating to plaintiff's mortgage . . . since they are matters of public
20 record whose accuracy cannot be questioned"); *Davis v. Wells Fargo Bank, N.A.*,
21 2010 WL 1779927, at *5 (E.D. Cal. Apr. 29, 2010) (taking judicial notice of
22 trustee's deed upon sale); *Rivera v. Wachovia Bank*, 2009 U.S. Dist. LEXIS 68391,
23 at *5 n.1 (S.D. Cal. Aug. 4, 2009) ("[T]he court may consider the Mortgage Note,
24 Deed of Trust, Truth in Lending Disclosure, and payment coupons provided by
25 Wachovia in its Request for Judicial Notice.").  Here, because the Recorded
26 Instruments are a matter of public record whose accuracy cannot be questioned, the
27 Request should be granted.

28       Finally, Exhibit E, the Purchase and Assumption Agreement, is central to

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California  90401-2386

Plaintiff's claims because Plaintiff (contradictorily) alleges both that Chase is not the successor in interest to Washington Mutual Bank while at the same time admitting that Chase acquired certain asserts of Washington Mutual Bank. This document shows that only certain rights were assumed.  As this document was published by the federal government and is a matter of public record, the document's accuracy cannot reasonably be questioned.  Indeed, Plaintiff's own complaint references the document. (Third Compl., ¶ 30).

The Court's consideration of the above documents does not convert the Rule 12(b)(6) motion into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments . . . which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does 'not convert the motion to dismiss into a motion for summary judgment.'").  The issue for the Court to resolve remains the same, *i.e.*, whether Plaintiff has stated a claim upon which relief can be granted.

### III.   Conclusion

Chase respectfully requests that this Court take judicial notice of the attached Exhibits A through K.

Dated:  December 26, 2012          Respectfully submitted,

                                   BRYAN CAVE LLP


                                   By: */s/ Bradley Dugan*
                                        Bradley Dugan
                                   Attorneys for Defendant
                                   JPMORGAN CHASE BANK, N.A.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

On December 26, 2012, I served the following documents in the within action as follows, described as: **REQUEST FOR JUDICIAL NOTICE**, on the interested party(-ies) in this action, as follows**:**

Douglas Gillies  *Plaintiff in Pro Per*
3756 Torino Drive  Phone: (805) 682-7033
Santa Barbara, CA 93105  Email: douglasgillies@gmail.com

☒ **(VIA FEDEX)** I deposited in a box or other facility maintained by FedEx, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

☒ **(VIA ELECTRONIC SERVICE)** The document was served via The United States District Court –Central District's CM/ELF electronic transfer system which generates a Notice of Electronic Filing (NEF) upon the parties, the assigned judge and any registered user in the case.

☒ **(FEDERAL ONLY)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 26, 2012, at Santa Monica, California.

*/s/ Michelle Hicks*
Michelle Hicks

SM01DOCS\942951.1

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386